# STATE OF CONNECTICUT
## DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES

September 20, 2002

Pekah Wallace
Regional Manager
Connecticut Commission on Human Rights and Opportunities
55 West Main Street
Suite 210
Waterbury, CT 06702

CHRO No.:   0330053
Case Name:  Thelma Bishop vs. State of CT, Department of Mental Health
            and Addiction Services, CVH/Whiting Forensic

Dear Ms. Wallace:

Connecticut Valley Hospital/Whiting Forensic is responding to the complaint filed by Ms. Bishop.

**Respondent's Position Statement**

Thelma Bishop, complainant in this case, died on September 1, 2002. On the advice of the Commission on Human Rights and Opportunity, the Department of Mental Health and Addiction Services (DMHAS) continued to process its response to the allegations made by Ms. Bishop to CHRO in the usual manner. This unfortunate occurrence has not altered or affected the DMHAS response to the allegations of Ms. Bishop in any way.

**Respondent's Answer to Complaint Allegations:**

1. Admit.
2. Admit
3. Deny. We contend that Ms. Bishop's negative attitude toward other staff, her diminished accountability, and her reluctance to accept constructive criticism, is the real cause of her adverse work situation. The below referenced performance appraisals, from the beginning of her employment, confirms her poor work behavior:

    - February 1996: Unsatisfactory, (Exhibit A)
    - May 1996: Fair, (Exhibit B)
    - October 1996: Satisfactory, (Exhibit C)
    - November 1997: Satisfactory, (Exhibit D)
    - September 1998: Satisfactory, (Exhibit E)
    - October 1999: Satisfactory, (Exhibit F)
    - June 2000: Unsatisfactory, (Exhibit G)
    - November 2000: Fair, (Exhibit H)

    Copies are attached as indicated.

Thelma Bishop vs. State of CT, Department of Mental Health and Addiction Services,
CVH/Whiting Forensic
Case No.0330053

We did not treat her any differently than we treat any other employee who fails to be accountable for carrying out his or her responsibilities, or who violates the hospital's work rules, Policies and Procedures. Refer to Employment Schedule A, Statement No. 11, for a review of how other employees, who violated work rules, were disciplined.

Accordingly, Ms. Bishop was afforded multiple re-orientations in Nursing policy, procedure and practice, as well as mentors to assist her in identified areas needing improvement.

4. Admit. Her complaint was dismissed because of no reasonable cause finding.
5. Admit.
6. Admit.
7. Deny. Ms Statchen never made these statements.
8. Admit. She did call the Supervisor, Marcia Jane Palizza. However, with regard to her allegedly being astonished at Ms. Statchen's statement, well, Ms. Statchen denies the assertion, we have no evidence to the contrary, and we cannot affirm what Ms. Bishop's state of mind was.
9. Deny. No evidence to support Ms. Bishop's allegation.
10. Admit.
11. Deny. We have no evidence that suggest Ms. Bishop was held against her will.
12. Deny. At no time was Ms. Bishop held against her will. With reference to the last part of Ms. Bishop's statement, Ms. Statchen admitted that she did tell Ms. Bishop that she had Lawyers in her family too, but suggested that it was said in relations to the medication count issue.
13. Admit with respect to the comment about her having Lawyers in her family too.
14. Admit. We did not believe there was cause to take action against Ms. Statchen, because there was no evidence that any of our work rules were violated.
15. Deny. Respondent denies any unlawful discrimination against complainant.

2