|  |  |
|---|---|
| THELMA BISHOP,<br>   CLAIMANT, | :    STATE OF CONNECTICUT |
| V. | :    WORKERS' COMPENSATION<br>      COMMISSION |
|  | :    EIGHTH DISTRICT |
| STATE OF CONNECTICUT/<br>DEPARTMENT OF MENTAL HEALTH,<br>   RESPONDENT-EMPLOYER. | :    NOVEMBER    , 1998 |

APPEARANCES: The claimant was represented by Attorney Deborah Nemeth, 195 South Main St., Cheshire, CT 06410. The Respondent-Employer/State of Connecticut was represented by Donna J. Hixon-Smith, Assistant Attorney General, Office of the Attorney General, 55 Elm Street, Post Office Box 120, Hartford, CT 06141-0120. The Respondent-insurer, Anthem Blue Cross and Blue Shield was represented by Jennifer Fiske, Paralegal, Anthem Blue Cross and Blue Shield, P.O. Box 533, North Haven, CT 06473.

## STIPULATION TO DATE

A contract of employment was in force between THELMA BISHOP ("Claimant"), and the STATE OF CONNECTICUT/ DEPARTMENT OF MENTAL HEALTH ("Respondent-employer") on January 30, 1997, and on all other dates material to this Stipulation. The Respondent-insurer, Anthem Blue Cross and Blue Shield, was the Claimant's group health insurance carrier on the date of injury and thereafter..

All parties were subject to the provisions of the Workers' Compensation Act and the Respondent-employer had complied therewith by self-insuring its compensation liability.

The claimant contends that she injured her neck and shoulder(s) during the course of her employment with the Respondent-employer on January 30, 1997, and that as a result of said

injuries she needed medical treatment and was temporarily totally and/or partially disabled from all gainful employment from January 31, 1997 up to and including March 20, 1997.

Anthem Blue Cross and Blue Shield claims that it has paid medical expenses relative to the claimed injuries and that it has a statutory lien in the amount of NINE HUNDRED AND FORTY DOLLARS AND THIRTY CENTS ($940.30), for which it should be reimbursed.

The Respondent-employer contends that the incident giving rise to the alleged injuries is not covered by the Workers' Compensation Act, and that the claimant was not injured as alleged, and therefore, has denied responsibility for all injuries and resulting medical care claimed as a result of the alleged January 30, 1997, incident. The Respondent further contests the extent and degree of disability claimed and contends that Claimant is not entitled to any benefits as a result of this incident. The Respondent further states that the Claimant was paid directly by the agency from her accrued time for 17.5 days of benefits beginning with January 31, 1997.

All parties having set forth their claims, it is agreed that the Claimant's claims for benefits due to the afore-referenced incident should be resolved by a stipulation to date.

Therefore, in view of the number of technical, legal and medical questions involved, it is hereby agreed and understood by and between the claimant, Anthem Blue Cross and Blue Shield and the Respondent-employer that while their respective claims are made in good faith, the claims are disputed and that the results, if fully prosecuted, would be doubtful.

WHEREFORE, it is agreed by and between the parties that the Respondent-employer will do the following: (a) pay to the claimant directly the sum of SEVEN HUNDRED TWENTY-SIX DOLLARS AND FORTY-FIVE CENTS ($726.45); (b) reimburse the Department of Mental

Health for 17.5 days, so that the accrued leave can be reimbursed by the agency, and (c) reimburse Anthem Blue Cross-Blue Shield the sum of FOUR HUNDRED AND SEVENTY DOLLARS AND FIFTEEN CENTS ($470.15), the same to be a full, final and complete settlement, adjustment, accord and satisfaction to and including the date of approval of this stipulation of: the claimant's claim for indemnity benefits and medical care arising out of the alleged January 30, 1997, incident said sums to be paid and accepted in lieu of all other compensation payments, in accordance with the language of our Act.

The parties expressly stipulate and agree that nothing in this stipulation shall be construed as an acceptance of the alleged incident or the alleged injuries, or in any way prejudice the State's right to raise and litigate compensability at a later date. The issue of compensability is expressly left open for future adjudication.

In consideration of the aforementioned payments and reimbursements, the Respondent-insurer, Anthem Blue Cross and Blue Shield, for itself, its successors, fiduciaries, executors, administrators, successors, receivers, and assigns, releases the Respondent-employer from any further claim for medical care as a result of the claimed injury(ies) up to and including the date of approval of this stipulation.

In consideration of the aforementioned payments and reimbursements, the claimant, for herself, her heirs, executors, administrators, dependents and assigns, releases the Respondent-employer from any further claim for temporary total or other indemnity benefits up to and including the date of approval of the Stipulation.

The claimant, the Respondent-insurer, and the Respondent-employer hereby agree that to the extent that the statutory provisions contained in Conn. Gen. Stat. § 31-303 are construed to apply to this stipulation, the claimant and Respondent-insurer agree to waive the 20% penalty provided for in that section if full payment of this stipulation is made by the Respondent-employer through its claims administrator within thirty (30) days of the date of approval of this stipulation. Nothing herein shall constitute an admission by any of the parties that the provisions of § 31-303 apply to this stipulation.

It is further stipulated and agreed that, before the claimant signed this Stipulation, she read it, or it was read and interpreted to her in a language that she understands, and she knows that it is a stipulation up to and including the date of approval for all indemnity benefits and that it is intended to deal with any and all conditions, known or unknown, which exist as of the date of approval on account of the incident allegedly occurring on January 30, 1997.

The parties further agree that payment of the before-mentioned sums are made for the purpose of settling a disputed claim and are not an admission of any liability by the Respondent-employer.

IN VIEW OF THE FOREGOING, we the undersigned, hereby unite in requesting that the Compensation Commissioner for the Eighth District approve this stipulation.

IN WITNESS WHEREOF, we have set our hands and seals on the _____ day of _____, 1998.

WITNESS:

_____             _____/_____
Thelma Bishop        date
Claimant

ANTHEM BLUE CROSS
    AND BLUE SHIELD

_____    BY:  _____/_____
                                                                                   date

(duly authorized)

STATE OF CONNECTICUT/
DEPARTMENT OF MENTAL HEALTH

_____    BY:  _____/_____
Donna J. Hixon-Smith        date
Assistant Attorney General
(duly authorized

## ORDER

The within and foregoing Stipulation To Date having been submitted to and examined by the undersigned, it is found to be a just and reasonable settlement of the disputed claims and is hereby approved this _____ day of _____, 1998.

It is adjudged, decreed and ordered accordingly.

_____
Compensation Commissioner
Eighth District