UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALISON BISHOP, EXEC. OF : CIVIL NO. 3:01CV1140(AVC)
ESTATE OF THELMA BISHOP :
    *Plaintiff,* :
     :
    V. :
     :
STATE OF CONNECTICUT, :
WHITING FORENSIC DIVISION OF :
CONNECTICUT VALLEY HOSPITAL :
    *Defendant.* : MAY 28, 2004

## JOINT TRIAL MEMORANDUM

### I.   Trial Counsel

**Plaintiff**                                 **Defendant**

Dawne Westbrook                      Joseph A. Jordano
Federal Bar No. ct21987            Assistant Attorney General
P.O. Box 2502                            Federal Bar # ct 21487
Middletown, CT  06457             55 Elm Street, P.O. Box 120
Tel: (860) 538-3498                    Hartford, CT  06141-0120
Fax: (860) 346-1028                    Tel:   (860) 808-5340
                                                  Fax:  (860) 808-5383
E-mail: justice@dawnewestbrooklaw.com   E-mail: Joseph.Jordano@po.state.ct.us

### II.   Jurisdiction

Jurisdiction is premised on Title VII, 42 U.S.C.  § 2000e.

### III. Jury-Nonjury Trial

The plaintiff has requested a trial by jury.

### IV.   Length of Trial

The plaintiff estimates that it will take 1 day to present its case in chief.   The defendant estimates that it will take 3 days to present its case in chief.

**V.**     **Further Proceedings**

Defendant's Motion for Reconsideration of the Summary Judgment Ruling is pending.

**VI.**     **Nature of Case**

Thelma Bishop brought this action, claiming she was discriminated against on the basis of her race, ethnicity and national origin.  It was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.  § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment, the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 42a-60, the Connecticut Constitution and common law tenets concerning intentional infliction of emotional distress.  The defendants filed for summary judgment on August 29, 2003.  The Court granted summary judgment as to <u>all</u> individual defendants in its ruling on March 31, 2004.  The only remaining counts are: (1) Title VII claim of disparate treatment; (2) Title VII claim of hostile work environment; and (3) Equal Protection Claim pursuant to 1983.

The defendant denies that it discriminated against the plaintiff.

**VII.**     **Trial by Magistrate Judge**

The parties have/have not agreed to a trial by Magistrate Judge.

**VIII.**   **Witnesses**

    **(a)**       **Plaintiff's Witnesses**

    Thelma Bishop – portions of Ms. Bishop's videotaped deposition will be presented.

    Allison Bishop – daughter of Thelma Bishop will testify about the emotional distress her mother experienced.

    Plaintiff reserves the right to call any of defendant's witnesses

    **(a)**       **Defendant's Witnesses**

    1.       **Pamela Morrison-Wolf**, former Chief of Human Resources Operations, Connecticut Valley Hospital.   She may testify to the following: (a)  investigations conducted regarding the plaintiff's allegations that she was assaulted by co-workers; (b) the CVH practices and policies regarding the dress code policy for staff members who come in contact with patients; (c)  CVH's policies dealing with security procedures for controlled medications, security for patients and nursing standards; (d)  the plaintiff's interactions with fellow staff members; (e) that the plaintiff never filed a complaint with her office regarding a sexually hostile work environment or that she was treated differently than her co-workers; (f)  that DMHAS has a stated sexual harassment policy and procedure that the plaintiff did not avail herself of during her employment; (g)  the various warnings given to the plaintiff for her inappropriate conduct in the workplace;  (h) why the plaintiff made it past her working test period; (i) the retraining the plaintiff required; and (j) the amount of overtime the plaintiff earned.

    2.       **Carol Caplan,** former Nurse Clinical Specialist and Unit Director at Whiting Forensic Division.  The witness may testify to: (a) her interactions with the plaintiff; (b) the dress code policy that all Whiting Forensic Division employees were supposed to follow; (c) that the

plaintiff was not disciplined by her having to wear a lab coat but rather was done for her own safety; (d) plaintiff's work history; (e) plaintiff's medication error that was below the acceptable standards of nursing practice and the plaintiff's failing grades on the national nursing medication examinations; (f) plaintiff's conduct that caused her to have poor relations with fellow staff members; and (g) that the plaintiff was legitimately warned about her inappropriate conduct.

3. **David Lewis**, Nursing Supervisor at Whiting. The witness may testify to: (a) his interactions with the plaintiff; (b) his knowledge of the policies and procedures of Whiting regarding its dress policy; (c) the plaintiff's interactions with her co-workers and her marginal if not poor nursing skills.

4. **Mary Talbot**, forensic head nurse at Whiting. The witness may testify to her interaction with the plaintiff; the relationship between the plaintiff and her co-workers, and will address the issue wherein the plaintiff alleges she was attacked by Ms. Talbot.

5. **Debbie Rooth**, Nursing Supervisor at Whiting. The witness may testify to: (a) plaintiff's work history and her interaction with fellow staff members; (b) that the plaintiff's co-workers were not receptive to working with the plaintiff; (c) that there was no record of nurse Katherine Statchen ever missing a bed check and that no record exists that such occurrence ever took place; (d) that she never made a racial or ethnic comment about the plaintiff.

6. **L. Ann Traub**, address unknown She may testify: (a) that she spoke with the plaintiff regarding the Commissioner's Policy on dress and reviewing with the plaintiff her need to comply for safety sake; (b) the requirement that the plaintiff wear a lab coat was not an adverse employment action but only a safety precaution.

7.    **Jenni Walsh**, nurse supervisor.  She may testify that she asked her supervisor, L. Ann Traub, to speak with the plaintiff regarding her dress and the need to comply with the Commissioner's Policy on dress for safety reasons only.

8.    **David Pavis,** Registered Nurse at Whiting.  He may testify to information that contradicts the plaintiff's assertions that Pavis made the same medication error as the plaintiff and was not disciplined.

9.    **Frederick Ferris**, Director of Labor Relations for DMHAS. This witness will testify to the various incidents involving the plaintiff and the results of any subsequent grievances filed by the plaintiff.  He will also discuss the basis for the CVH dress code and safety procedures to ensure the safety of staff and patients.

10**.**    **Louise Chambers**, former nurse supervisor at CVH. This witness will testify to her interactions with the plaintiff.

11.    **John Etienne**, Affirmative Action Officer at CVH. This witness will testify to his investigations of complaints by the plaintiff.

The defendant reserves the right to supplement its witness list once they have received plaintiff's finalized list and for rebuttal purposes. In addition, the defendant reserves the right to call one or more of the individual listed as witnesses for the plaintiff.

**IX.**   **Exhibits**

**(b)**   **Plaintiff's Exhibits**

1.   CHRO Complaint 2000
2.   CHRO Complaint 2002
3.   Plaintiff's Deposition

**(b)**   **Defendant's Exhibits**

1.   Performance Appraisal for Thelma Bishop, dated February 28, 1996;
2.   Performance Appraisal for Thelma Bishop, dated May 1, 1996;
3.   Performance Appraisal for Thelma Bishop, dated October 24, 1996;
4.   Performance Appraisal for Thelma Bishop, dated November 14, 1997;
5.   Performance Appraisal for Thelma Bishop, dated September 24, 1998;
6.   Performance Appraisal for Thelma Bishop, dated October 18, 1999;
7.   Performance Appraisal for Thelma Bishop, dated June 28, 2000;
8.   Performance Appraisal with attached Whiting Forensic Institute Nursing Service Criteria Based Performance Appraisal for Bishop, dated November 30, 2000;
9.   Job Description for Forensic Nurse, effective June 23, 1995;
10.   Commissioner's Policy Statement No. 50 – Guidelines for Appropriate Dress: Work Rule No. 14, dated June 5, 1986 and revised version dated May 1, 1999;
11.   Whiting Forensic Institute Nursing Service Policy Statement re: Controlled Drugs;
12.   Letter dated April 12, 1996 from Jeni Walsh to Thelma Bishop re: Extension of working test period;
13.   Memo dated April 22, 1996 from Jeannette Deschesnes, Director of Human Resources, to DAS Principal Personnel Officer Marsha Liburdi with attachment;
14.   Memo dated August 2, 1996 from Dr. Scott to Dr. Norko re: Thelma Bishop with attachment;
15.   Memo dated May 6, 1997 from Jeni Walsh to Anna Gut re: In-service training;

16.     Memo dated March 3, 1998 from Carol Caplan to Bishop re: Job Performance;

17.     Memo dated March 16, 1998 from Carol Caplan to Bishop re: Job Performance;

18.     Memo dated March 18, 1998 from Carol Caplan to Bishop re: Job Performance:

19.     Memo dated May 10, 1998 from Carol Caplan to Bishop re: Job Performance;

20.     Nursing Service Criteria-Based Performance Appraisal for Bishop, dated September 24, 1998;

21.     Memo dated September 25, 1998 from David Lewis to Bishop;

22.     Whiting Forensic Institute Written Record of a Verbal Counseling for Thelma Bishop, dated March 25, 1999;

23.     Whiting Forensic Institute Written Record of a Verbal Counseling for Thelma Bishop, dated April 28, 1999;

24.     Letter dated October 28, 1999 from Pamela Morrison to Bishop re: Written Warning;

25.     Memo dated November 18, 1999 from David Lewis to Bishop;

26.     Letter dated June 15, 2000 from Davis Lewis to Bishop re: Written Warning;

27.     Letter dated August 29, 2000 from Davis Lewis to Bishop re: Written Warning;

28.     Memo dated February 19, 1997 from Pamela Morrison to Judy Kemp re: Investigation of allegation by Bishop against Greta Fairbrother.

29.     Statement of Mary Talbot.

30.     Statement of L. Ann Traub.

31.     DMH MIS Incident Report, dated 4/18/97

32.     Memo dated August 18, 2000 from David Lewis to Thelma Bishop, re: Warning;

33.     Memo dated August 2, 1996 from Dr. Scott to Dr. Norko re: medication error by Thelma Bishop

34.     Memo from Carol Caplan dated June 25, 1998 to Thelma Bishop re: Warning;

The defendant reserves the right to use any of the plaintiff's exhibits, to offer rebuttal exhibits or other exhibits for impeachment purposes and to supplement its exhibit list prior to trial.

## X.    Stipulations and Proposed Findings of Fact; Conclusions of Law

1.    Plaintiff, Thelma Bishop, was employed by the defendant.
2.    Plaintiff is African American and female.

## XI.     Plaintiff's Contentions

Defendant will be unable to present a legitimate non-discriminatory reason for the actions taken against the plaintiff.

Attached as "Addendum A" are plaintiff's proposed Jury Instruction

## Defendant's Contentions

In as much as the individual defendants have been dismissed from the matter, plaintiff's Equal Protection claim is barred by the 11th Amendment against the defendant Whiting Forensic Division of Connecticut Valley Hospital.  Defendant Department of Mental Health and Addiction Services lists the following legal issues:

1.    Whether the plaintiff can prove a prima facie case of disparate treatment under Title VII.

2.    Whether the plaintiff can prove a prima facie case of sexual harassment based on a hostile work environment under Title VII.

3.    Whether the plaintiff can prove any damages under Title VII.

4.      Whether the plaintiff's sexual harassment claim is barred by the affirmative defense that the defendant took reasonable steps to prevent and address complaints of sexual harassment and the plaintiff failed to avail herself of that procedure.

5.      Whether the plaintiff's equal protection claim is barred by the Eleventh Amendment.

Attached as **"Addendum B"** are the Defendant's Proposed Voir Dire Questions.
Attached as "Addendum C" are the Defendant's Proposed Jury Instructions and verdict form

**Opening Statements**

The defendant reserves his right to make an opening statement.

The plaintiff reserves the right to make an opening statement.

**XI.    Anticipated Evidentiary Problems/Motions in Limine**

The parties will exchange exhibit notebooks by July 1, 2004.  The parties will exchange

lists of exhibits to which they do not object to full admission into evidence by no later than July

30, 2004.

Evidentiary issues:

DEFENDANT:

1.      The admissibility of the plaintiff's partial deposition.

PLAINTIFF                                    DEFENDANT
ALLISON BISHOP, EXEC. OF                     STATE OF CONNECTICUT
ESTATE OF THELMA BISHOP                      WHITING FORENSIC DIVISION
                                             OF CONNECTICUT VALLEY HOSPITAL

_____             _____
Dawne Westbrook,                            Joseph A. Jordano
Federal Bar No. ct 21987                    Assistant Attorney General
P.O. Box 2502                               Federal Bar # ct 21487
Middletown, CT 06457                        55 Elm Street, P.O. Box 120
Tel: (860) 538-3498                         Hartford, CT  06141-0120
Fax: (860) 346-1028                         Tel:  (860) 808-5340
                                            Fax:  (860) 808-5383

Date: _____                Date: _____