UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISON BISHOP, EXECUTOR OF ESTATE OF THELMA BISHOP<br>　*Plaintiff,* | : : : : | Civil No. 3:01CV1140(AVC) |
| v. | : : | |
| STATE OF CONNECTICUT, WHITING FORENSIC DIVISION OF CONNECTICUT VALLEY HOSPITAL<br>　*Defendant.* | : : : : | MAY 28, 2004 |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**TITLE VII CLAIM AGAINST DEFENDANT
WHITING FORENSIC DIVISION OF CVH**

**INSTRUCTION NO. 1.**

　A.　**Disparate Treatment**

**Purpose of the Statute**

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate or retaliate against individuals on the basis of race, color, sex, national origin and religion or filing at the CHRO.[1] The purpose of Title VII is to prevent discrimination in the workplace. Under the "disparate treatment of discrimination" theory, the plaintiff/employee claims that she has been treated less favorably than other similarly situated employees because of her protected activity.

**Burden of Proof**

The burden of proof is as follows.  First, the plaintiff must establish that: (1) she is a member of a protected class; (2) she engaged in a protected activity; (3) she suffered an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination. The plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination.  If the plaintiff succeeds in proving her case, the burden then shifts to the defendant to present a legitimate, nondiscriminatory reason for its decision.[2]  If the defendant asserts a legitimate, nondiscriminatory reason for its decision, the burden shifts back to the plaintiff to prove that the defendant's stated reason for its decision was merely a pretext for discrimination.[3]  The plaintiff must prove that the actual reason was an unlawful, discriminatory reason.[4]  The ultimate burden of persuasion that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.[5]

**Direct Evidence of Disparate Treatment**

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's protected activity was a factor in the defendants' decision to discipline the plaintiff. Plaintiff must prove that she complained about a discriminatory practice and was treated differently than others similarly situated because of her complaints.

---

[1] Authority:  42 U.S.C. §2000e-2(a).

[2] Authority:  McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973); Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998).

[3] Authority:  Fischer v. Vassar College, 70 F.3d 1420 (2d. Cir. 1997); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093 (1981).

[4] Authority:  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993);  Brennan v. Metropolitan Opera Ass'n, Inc. 192 F.3d 310, 317 (2d Cir 1999)

[5] Authority: St. Mary's Honor Ctr. v. Hicks, 509 U.S. at 113.

**Indirect Evidence of Disparate Treatment**

In this case, the plaintiff must prove by a preponderance of her evidence that her protected activity was a motivating factor in the defendant's decisions.  The plaintiff's protected activity was a motivating factor if you find that it played an impermissible role in the defendant's decision, even though other factors may have also played roles in that decision.

You must consider any legitimate non-retaliatory reason or explanation stated by the defendant for its decision.  If you find that the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for treating the plaintiff differently than similarly situated employees because of her membership in a protected class.

If you determine that plaintiff's protected activity, i.e., her filing a CHRO complaint, was a motivating factor in the claimed adverse decisions of the Whiting Forensic Division of Connecticut Valley Hospital, you must find for the plaintiff.  If, on the other hand, you find that plaintiff's protected activity was not a motivating factor in the decisions, you must find for the defendant Whiting Forensic Division of Connecticut Valley Hospital.

**Pretext**

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that her membership in a protected class was more likely the reason for the defendant's adverse employment decision than the reason stated by the defendant.  The plaintiff can also attempt to prove that the defendant's stated reason for its employment decisions regarding plaintiff is a pretext by persuading you that it is just not believable.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for its action(s). The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to judge the defendant's wisdom. The defendant would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.[6] You should also carefully evaluate any subjective reasons the defendant has asserted for taking the action(s) against the plaintiff that it did in deciding whether the plaintiff has met her burden of proof.

However, it is not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff always must prove by a preponderance of the evidence that she was treated differently because of her protected activity.[7] Therefore, even if you decide that the defendant did not truly rely on the stated reason for its policies, you cannot decide in favor of the plaintiff without further evidence that the defendant relied instead on the plaintiff's protected activity.

**INSTRUCTION NO. 2**

    **A.**    **Gender Discrimination**

Now I will instruct you on the law of sexual harassment. The plaintiff relies on a theory of sexual harassment called "hostile work environment" harassment. In order to establish her hostile work environment claim, the plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was

---

[6] Authority: Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999); Gray v. New England Tel. & Tel. Co., 792 F.2d 252, 255 (1st Cir. 1986); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n. 3 (8th Cir. 1985), cert denied, 475 U.S. 1050 (1986).

[7] Authority: St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. at 2572.

4

sufficiently severe or pervasive to alter the conditions of the plaintiff's employment <u>and</u> create an abusive working environment. Conduct is not severe or pervasive under the law if it is isolated or sporadic. Plaintiff must establish, by a preponderance of the evidence, that the conduct at issue was repetitious and continuous. In other words, the plaintiff must provide more than a few isolated incidents of sexual harassment. Casual comments, accidental or sporadic conversations are insufficient. If you find that the incidents at issue were merely isolated incidents or occasional episodes, then the plaintiff has not established her claim and you must find for the defendants.[8]

### B.   Harassment Based on Sex

To prevail on a hostile work environment claim, the plaintiff must also prove by a preponderance of the evidence that any alleged harassment was because of her sex. Evidence regarding alleged racial or ethnic harassment or discrimination is not relevant to determining whether the defendants discriminated against the plaintiff on the basis of her sex. You cannot find in favor of the plaintiff unless she establishes that the defendants harassed her because of her sex.[9]

### C.   Subjective and Objective Components

The plaintiff must also show that she both (1) subjectively, and (2) reasonably, or objectively, perceived her work environment to be hostile or abusive. In other words, it is necessary, but not sufficient for you to find that a reasonable person would perceive the work

---

[8] <u>Distasio v. Perkin Elmer Corp.</u>, 157 F.3d 55 (2d Cir. 1998); <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17 (1993); <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 64-65 (1986); <u>Carrero v. New York City Housing Authority</u>, 890 F.2d 569 (2d Cir. 1989); <u>Cosgrove v. Sears, Roebuck & Co.</u>, 9 F.3d 1033 (2d Cir. 1993).

[9] <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 63-69 (1986); <u>Migis v. Pearle Vision, Inc.</u>, 135 F.3d 1041, 1060 (5th Cir. 1998); <u>Kelly v. Boeing Petroleum Servs., Inc.</u>, 61 F.3d 350, 358 (5th Cir. 1995); <u>Rauh v. Coyne</u>, 744 F. Supp. 1181, 1183 (D.D.C. 1990).

environment to be hostile.  You must also find that the plaintiff herself subjectively perceived her work environment to be hostile or abusive.

The burden of establishing an objectively hostile or abusive work environment is substantial.  You must consider the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Rather, you must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

### INSTRUCTION NO. 3

    A.    **Remedies Under Title VII: Generally**

If you find in favor of the plaintiff on any of her claims under Title VII, then you must consider the issue of damages.  I will now instruct you on the laws that govern your determination of damages.  Bear in mind the fact that I am instructing you on the elements of damages does not mean that I have any opinion on whether or not the defendant should be held liable.  I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[10]

    B.    **Compensatory Damages Under Title VII**

If you find that the plaintiff has proven any or all of her claims, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, he deserves.  The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should, in fact, be held liable or whether the plaintiff has

---

[10] Authority:  Adapted from 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instruction 77-1 (September 1997).

suffered any actual harm. You must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendant.  Federal law does not allow you to award punitive damages against the government or a government agency.  Therefore, you may not award damages intended to punish the defendant.

## INSTRUCTION NO. 5

### A.   Mitigation

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he/she may have to prevent the aggravation of his/her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question of whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the

particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

**INSTRUCTION NO. 6**

Under the law there is a concept known as an affirmative defense. An affirmative defense acts to cut off liability even if the plaintiff has proven a case of discrimination. In order to prove an affirmative defense in this case the defendant must prove that it took reasonable steps to prevent sexual harassment. The defendant must prove the following: (1) that it exercised reasonable care to prevent and promptly correct any sexual harassment; and (2) that the plaintiff unreasonably failed to avail herself of any corrective or preventative opportunities provided by the defendant or to avoid harm otherwise. [11]

If the defendant proves by a preponderance of the evidence these two elements, then you must find for the defendant regardless of what conclusions you have made about the plaintiff's case.

If the defendant has failed to prove its affirmative defense by a preponderance of the evidence, then you may find for the plaintiff based solely on the evidence.

    **A.**    **Additional Requests**

The defendant respectfully requests leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

---

[11] Burlington Industries Inc. v. Ellerth, 524 U.S. 742, 765, 141 L.Ed. 2d 633, 118 S.Ct. 2257 (1998); Bakalova v. Maimonides Med. Center, 83 Fed. Appx. 372, 2003 U.S. LEXIS 25122 (2003).

                                          DEFENDANT

                                          RICHARD BLUMENTHAL
                                          ATTORNEY GENERAL

BY: _____
         Joseph A. Jordano
         Assistant Attorney General
         55 Elm Street, P.O. Box 120
         Hartford, CT 06141-0120
         Tel.: (860) 808-5340
         Fax: (860) 808-5383
         Fed. Bar No. ct21487
         E-Mail: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy hereof was mailed this _____ day of May 2004, first class postage prepaid, to the following counsel of record.

    Dawne Westbrook, Esq.
    P.O. Box 2502
    Middletown, CT  06457

                                          _____
                                          Joseph A. Jordano
                                          Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISON BISHOP, EXECUTOR OF ESTATE OF THELMA BISHOP | : | Civil No. 3:01CV1140(AVC) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, WHITING FORENSIC DIVISION OF CONNECTICUT VALLEY HOSPITAL | : : | |
| *Defendant* | : | May 28, 2004 |

### DEFENDANTS' PROPOSED JURY VERDICT FORM

### Plaintiff's Cause of Action - Title VII

1. Has the plaintiff, Thelma Bishop. proven by a preponderance of the evidence that the defendant discriminated because of her race or gender in violation of Title VII?

 Yes ____   No ____

2. Has the plaintiff, Thelma Bishop. proven by a preponderance of the evidence that she was subjected to a sexually hostile work environment in violation of Title VII?

 Yes ____   No ____

 If the answer to both Questions 1 and 2 was "No" proceed no further. Your deliberations are at end.  Have the foreperson sign and date the Verdict Form and please inform the Marshal that your deliberations are over.  If, however, you answered "Yes" to question 2, please proceed to Question No. 3.  If you only answered yes to question 1, then proceed to question 4.

3. Has the defendant proven by a preponderance of the evidence its affirmative defense that it took reasonable steps to prevent sexual harassment in the work place and that the plaintiff failed to avail herself of corrective procedures available to her?

 Yes_____   No_____

If you answered "yes" to question 3, then you deliberations are done. If you answered "no" to question 3, then go on to Question 4.

4. Has the plaintiff proven by a preponderance of the evidence that she suffered some damages that were proximately caused by the discriminatory acts alleged by the plaintiff?

Yes \_\_\_\_    No \_\_\_\_

5. What, if any, amount of money did plaintiff Thelma Bishop prove will fairly and reasonably compensate her for her injury?

$ _____

Your deliberations are at an end. The foreperson should sign and date these interrogatories and notify the Marshal that you have reached a verdict. Your verdict will then be returned to Court.

_____
Foreperson

Dated at Hartford, Connecticut this \_\_\_\_\_ day of _____, 200\_.