UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALLISON BISHOP** | : | CV: NO:3:01CV1140 (AVC) |
| As executor of the Estate | : | |
| Of Thelma Bishop, | : | |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| **STATE OF CONNECTICUT** | : | |
| **CT VALLEY WHITING** | : | |
| **HOSPITAL, ET AL..** | : | **JUNE 4, 2004** |
| *Defendants*. | | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION FOR RECONSIDERATION

**STANDARD**

Rule 60(b) applies only to final determinations and not to interlocutory orders. Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir.1989); Grand Union Equip. Co. v. Lippner, 167 F.2d 958, 961 (2d Cir.1948); Indemnity Ins. Co. v. Reisley, 153 F.2d 296, 299 (2d Cir.1945), *cert. denied*, 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629 (1946). The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994). The defendant has offered none in the case at hand. In fact, the defendant's second bite at the apple is merely a resitation of the same information previously provided to the Court.

**THERE IS EVIDENCE THAT THE DEFENDANT'S OFFERED LEGITIMATE NON-DISCRIMIATORY REASON IS PRETEXUAL**

The employer may seek to rebut the prima facie case by proof of a legitimate nondiscriminatory reason for the adverse employment action. If the plaintiff is able to persuade the jury that the employer's explanation is false, however, that fact, combined

with the prima facie case, is sufficient to permit a jury to find intentional discrimination. "Proof that the defendant's explanation is unworthy of credence is...one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive....In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 108 (2000), quoting Wright v. West, 505 U.S. 277, 296 (1992). "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proferred reasons will permit...the trier of fact to infer the ultimate fact of intentional discrimination...[and] no additional proof of discrimination is required." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). "[O]nly occasionally will a prima facie case plus pretext fall short of the burden a plaintiff carries to reach a jury on the ultimate question of discrimination...." Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 94 (2d Cir. 2001).

At the summary judgment stage, the Court should not make any finding as to whether [a defendants] reason was, in fact, false. Rather, the Court must determine whether, after casting all of the facts of the case in the light most favorable to [the plaintiff] and drawing all inferences from those facts in favor of [the plaintiff], a rational jury could come to the conclusion that [the defendants] justification for [a particular action] is false.

Peralta V. Cendant Corp 123 F.Supp.3d 65 (2000) "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

### Plaintiff Has Made a Prima Facie Case for Hostile Work Environment

"To make out a prima facie case, the plaintiff must show that: (i) she is a member of a protected class; (ii) she was qualified for the position; (iii) the defendant took adverse action against her; and (iv) the adverse action occurred under circumstances giving rise to an inference of discrimination." Harper v. Metropolitan District Commission, 134 F. Supp. 2d 479, 483 (D. Conn. 2001) (Covello, C.J.). Stated another way, a plaintiff may make out a prima facie case "by showing that she is within a protected group; that she is qualified for the position; that she was subject to an adverse employment action...; and that a similarly situated employee not in the relevant protected group received better treatment." McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001). "Alternatively, the fourth prong of the prima facie case may be satisfied if the plaintiff can demonstrate that the...adverse employment action occurred under circumstances giving rise to an inference of discrimination on the basis of plaintiff's membership in that class." Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2d Cir. 2001).

"To establish a prima facie case of disparate treatment, a plaintiff must show, inter alia, that she was subjected to adverse employment action, under circumstances giving rise to an inference of prohibited discrimination." Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001). "In an employment discrimination case, the plaintiff has the burden of 'proving by the preponderance of the evidence a prima facie case of discrimination.'"

Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994), quoting <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-53 (1981).  A plaintiff need not necessarily prove a prima facie case to prevail, however.  "For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." <u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002).

    The plaintiff has more than established a prima facie case of employment discrimination.  The plaintiff has sited NUMEROUS incidents that a fact finder can reasonably infer discrimination from.   The plaintiff was disciplined a myriad of times for not only minor incidents, but incidents that other similarly situated employees were not disciplined for.   In addition to the harassment, after the plaintiff complained about an assault, the plaintiff was disciplined on 6/25/98, 10/28/00, 3/12/00, 5/9/00, 6/15/00 and 7/10/02.

    The plaintiff was also aware of similarly situated employees who were accused of the same thing as the plaintiff, but who were not disciplined.  The plaintiff in her deposition spoke about Ms. Statchen who as also accused of failing to perform bed checks.  When the plaintiff was accused of failing to perform bed checks, she received a written warning (which is a step above a verbal warning).  When Ms. Statchen was accused of failing to perform bed checks she was not disciplined at all. (see plaintiff's deposition at 159-161)  On another occasion, the plaintiff was disciplined for an error in administering medication.  Another similarly situated employee, Dave Pavis, also made an error in administering medication.  Mr. Pavis was NOT disciplined for making the same error.  (see plaintiff's deposition at 90-91)  In fact, the defendants required the plaintiff to be

retrained because of her error in administering medication.  The plaintiff was sent to defendant Caplan for six weeks to learn how to administer medication. (see plaintiff's deposition at 96) No other employee was subject to this.

In addition the plaintiff was subject to a hostile and DANGEROUS work environment on more than one occasion.  In her deposition, the plaintiff recounts at least three incidents where she was physically accosted.  (see plaintiff's deposition at 53)  The plaintiff was not only pushed by a co-worker, Ms. Fairbrother, but another co-worker, Ms. Traub, attempted to touch the plaintiff saying she was sexy.  Apparently Ms. Traub thought it funny that the plaintiff, a 70 year old woman at the time, had been disciplined for wearing tight shirts.  A third incident by a co-worker, Ms. Talbot, was recounted as Ms. Talbot grabbed the plaintiff's jewelry.

The plaintiff was also forced to wear a lab coat over her regular clothing, unlike other employees.  The plaintiff was asked to wear a lab coat because of her waist or bust.  NO other nurse was required to wear a lab coat.

There is direct evidence of discrimination.  Defendant Caplan also made fun of the way the plaintiff speaks. (Exhibit D at 118)  When the plaintiff would complain about defendant Caplan's ridicule and explain that "this is the way we say it in Guyana", defendant Caplan would often remark, "well you're not in Guyana now."

The plaintiff also recounted an incident where she was warned by another employee to watch out for the defendants.  The employee told her that the defendants had instructed employees to "write everything down, and we'll get rid of her." (plaintiff's depo at 76)

## THE PLAINTIFF IS ABLE TO MAKE A PRIMA FACIE CASE

"The plaintiff's burden of establishing a prima facie case of employment discrimination is 'not onerous.'  Burdine, 450 U.S. at 253.  Indeed, "[t]he nature of the plaintiff's burden of proof is de minimis."  Harper v. Metropolitan District Commission, 134 F. Supp. 2d 470, 483 (D. Conn. 2001) (Covello, C.J.), citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988).  "As we have often emphasized, the burden of establishing this prima facie case in employment discrimination cases is 'minimal.'"  McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001).  Direct evidence is not necessary, and a plaintiff charging discrimination against an employer is usually constrained to rely on the cumulative weight of circumstantial evidence.  See Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir. 1991) ('An employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file, attesting to a discriminatory intent.')."  Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997).  Often, "[w]hat is most revealing of the true intention behind the [adverse employment action] is the timing."  Harper v. Metropolitan District Commission, 134 F. Supp. 2d 470, 489 (D. Conn. 2001) (Covello, C.J.).

A plaintiff asserting that her employer is liable for the unlawful actions of her co-workers is obligated to show that the employer knew or should have known of the misconduct and unreasonably failed to take prompt and appropriate corrective action. Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000); Fenton v. HiSAN, Inc., 174 F.3d 827, 830 (6th Cir. 1999). Evidence that the plaintiff told a supervisor about the wrongdoing is sufficient to establish the notice element of this test.  Pollard v. E.I. DuPont de Nemours Co., 213 F.3d

933, 943 (6th Cir. 2000); Breda v. Wolf Camera & Video, 222 F.3d 886 (11th Cir. 2000). "[I]f harassment continues after complaints are made, reasonable jurors may disagree about whether an employer's response was adequate." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 72 (2d Cir. 2000); Pascal v. Storage Technology Corp., 152 F. Supp. 2d 191, 210 (D. Conn. 2001). "If the evidence creates an issue of fact as to whether the employer's action is effectively remedial and prompt, summary judgment is inappropriate." Richardson v. New York State Dep't of Correctional Service, 180 F.3d 426, 440 (2d Cir. 1999), quoting Gallagher v. Delaney, 139 F.3d 338, 348 (2d Cir. 1998).

In the case at hand, the plaintiff made numerous complaints about the harassment and discriminatory treatment of her employer. A reasonable jury may infer discrimination from this. In addition, there is direct evidence of discrimination. The plaintiff's claims of being teased for her language, being physically assaulted, being told that she is only there because she's old and black CANNOT be explained by the defendant. The defendant's cannot produce a legitimate non discriminatory reason for these occurrence. All the defendant can do is say it did not happen. This would then be a question of fact to be determined by a fact finder and not the Court.

"[S]ummary judgment...is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995). When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which

eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party.  Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991).  The evidence of the party against whom summary judgment is sought must be believed.  Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994).  The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor.  Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990).

**Plaintiff has Suffered Adverse Employment Actions from the Discrimination**

Adverse employment actions are not confined to instances of pecuniary emoluments, since a diminution of duties or a transfer to a position with less opportunity for advancement may also constitute an **adverse employment action** .Rodriguez v. Board of Education, 620 F.2d 362, 366 (2d Cir.1980); de la Cruz v. New York City Human Resources Admin. Dept. of Social Services, 82 F.3d 16, 21 (2d Cir.1996). Plaintiff must sustain a "materially **adverse** change in the terms and conditions of **employment** ." Galabya v. New York City Bd. of Educ. , 202 F.3d 636, 640 (2d Cir.2000) (internal

quotation marks omitted). A transfer or denial of a transfer, absent some materially **adverse** consequences affecting the terms, conditions, or privileges of **employment**, does not amount to an **adverse** change in working conditions. <u>Brown v. Brody</u>, 199 F.3d 446, 457 (D.C.Cir.1999) (holding Title VII plaintiff's non-selection for desired lateral transfer did not constitute an **adverse** personnel action); <u>Cooper v. New York State Dep't of Human Rights</u>, 986 F.Supp. 825, 828 (S.D.N.Y.1997). There must be a material loss of benefits. *Galabya*, 202 F.3d at 641-42. "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting <u>Brady v. Town of Colchester</u>, 863 F.2d 205, 211 (2d Cir. 1988), and <u>In re Japanese Elec Prods. Antitrust Litigation</u>, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

In the case at hand, the defendants have advanced an argument that assumes adverse employment actions only involve monetary losses. When in fact the plaintiff was continually harassed, having been disciplined a number of times; she was physically assaulted on more than one occasion; she was taunted for the way she spoke; she was interrogated about whether or not she would be filing a lawsuit; she was given unfavorable evaluations in retaliation for her complaint; she was forced to wear different clothing than other employees; and she was disciplined more harshly than other similarly situated employees.

**CONCLUSION**

For the reasons stated above, the plaintiff respectfully request that the motion for reconsideration be denied.

        THE PLAINTIFF

BY:_____
        DAWNE WESTBROOK
        Federal Bar No. ct21987
        PO BOX 2502
        Middletown, CT 06457
        PHONE: 860 538 3498
        FAX:! 860 346 1028
        justice@dawnewestbrooklaw.com
        Her Attorney

## **CERTIFICATION OF SERVICE**

On the date above stated, copies hereof were mailed to:

Joeseph Jordano, AAG
55 Elm St., P.O Box 120
Hartford, CT 06141

_____

DAWNE WESTBROOK