UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLISON BISHOP, EXECUTRIX OF THE ESTATE OF THELMA BISHOP, Plaintiff, | : <br> : <br> : |
| v. | : NO. 3:01CV1140 (AVC) |
| STATE OF CONNECTICUT, WHITING FORENSIC DIVISION OF THE CONNECTICUT VALLEY HOSPITAL Defendant. | : <br> : <br> : MARCH 3, 2005 <br> : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES

The defendant has sought an order prohibiting the plaintiff from offering any witnesses that were not disclosed in the joint trial memorandum. While the Court notified the parties on October 19, 2004 that jury selection would commence on March 10, 2005, the plaintiff has **never** sought to amend that witness list or to extend the discovery period.

This anticipated testimony would amount to trial by ambush and would unfairly prejudice the defendant who did not have the opportunity to take these witnesses' depositions during the discovery period which closed in 2002. Moreover, the defendant has prepared its trial defense and witnesses based upon that joint trial memorandum.

### Background

Thelma Bishop brought this action in June 2001 claiming she had been discriminated against on the basis of her race, ethnicity and national origin. The defendants denied any discrimination. At the request of the defendants, on October 7, 2002, the Court extended the discovery deadline to December 31, 2002.

On January 14, 2003, the defendants filed a Suggestion of Death for Thelma Bishop. On May 9, 2003 the Court notified the parties that dispositive motions were due by August 30, 2003. Then on July 8, 2003, the Court substituted Allison Bishop, Executrix of the Estate of Thelma Bishop, Deceased, as the plaintiff.

The defendants filed for summary judgment on August 29, 2003. On March 31, 2004, this Court granted summary judgment as to <u>all</u> individual defendants. Following that ruling, the only remaining counts are: (1) a Title VII claim of disparate treatment; (2) a Title VII claim of hostile work environment; and, (3) an Equal Protection Claim pursuant to 1983.

In the May 28 2004 Joint Trial Memorandum, plaintiff estimated that it would take a single day to present her case in chief. Also in that Joint Trial Memorandum, the plaintiff listed her witnesses as Thelma Bishop (via portions of her videotaped deposition), and Allison Bishop, the substitute plaintiff. The plaintiff has **never** sought to amend that witness list or to extend the discovery period.

With jury selection set for November 4, 2004, a settlement conference was scheduled for October 12, 2004. At that settlement conference, plaintiff counsel provided the defendant with an email from Allison Bishop listing witnesses. (Attachment A). That October 11, 2004 email recites that "here is the list I previously sent you." Upon receiving this list, defense counsel Joseph Jordano advised plaintiff's counsel that she would have to amend her witness list and that the defendant would object to these witnesses as the discovery period had closed. Further, since this action had been filed in 2001, many of these state employees had left their employment and possibly Connecticut.

2

The original jury selection was postponed at the request of plaintiff. Then on October 19, 2004, the Court notified the parties that the jury trial was rescheduled for March 10, 2005. The parties were notified on February 28, 2005 that trial would commence on March 22, 2005.

**Argument**

Relevant evidence may always be excluded under Fed. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. Fed. R. Evid. 403. The decision to exclude evidence under Fed. R. Evid. 403 is within the sound discretion of the trial court.

One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise. See Fed. R. Civ. P. 26 and Advisory Comm. Notes; Hickman v. Taylor, 329 U.S. 495, 507, 91 L.Ed. 451, 67 S. Ct. 385 (1947); McKinney-Dunlap v. City of Oklahoma City, 12 Fed. Appx 831, 2001 U.S. App. LEXIS 11904 (10th Cir. 2001). The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case. Wade v. Herbert, 391 F.3d 135 (2nd Cir 2004). The late disclosure of plaintiff's witnesses would be inconsistent with one of the principal goals of the discovery rules: preventing trial by ambush and surprise. See Brandon v. Mare-Bear, Inc., 225 F.3d 661, 2000 U.S. App. LEXIS 12585 (9th Cir. 2000).

It is well established that a pretrial order controls the later course of a trial unless modified. See Fed. R. Civ. P. 16(e). The decision to allow or prohibit testimony of witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed

3

absent an abuse of discretion. The order entered following a final pretrial conference shall be modified only to prevent manifest injustice. Fed. R. Civ. P. 16(e).

Because the plaintiff did not amend to disclose any further witnesses, the defendant had no reason to believe the individuals listed on Attachment A would be called as witnesses at trial. Indeed, because plaintiff took no action, the defendant was entitled to assume that plaintiff had decided *not* to call these witnesses. Plaintiff cannot offer any reasonable excuse for the delay in amending the May 28, 2004 trial memorandum. It would be unduly burdensome for the defendant to now be in a position to try to locate rebuttal witnesses to refute the plaintiff's untimely witnesses' testimony.

The defendant seeks the exclusion of testimony for failure to comply with discovery rules. The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Support for the defendant's position is found in another employment discrimination case. McKinney-Dunlap v. City of Oklahoma City, 12 Fed. Appx 831, 2001 U.S. App. LEXIS 11904 (10th Cir. 2001). In McKinney-Dunlap, the trial court granted the defendant's motion in limine, precluding the plaintiff from presenting evidence that was not included in the final pretrial order as the plaintiff's counsel had the evidence six weeks prior to trial and never had moved to amend. The trial court had based its ruling on Rule 403 and the unfair surprise to the defendant. The Tenth Circuit Court of Appeals upheld the trial court's ruling as being within its discretion.

Similarly, exclusion of testimony is appropriate in this matter because the prejudice could not be avoided or minimized by curative measures such as continuing the trial and opening the discovery period. Since this action was filed in 2001, many state employees have retired and possibly left the state or moved to other employers. To ask the defendant to locate these witnesses

and find rebuttal witnesses is unfair given the time that has elapsed. The plaintiff's unreasonable delay has irremediably prejudiced the defendant's ability to refute the plaintiff's anticipated witnesses' testimony.

**Conclusion**

The probative value of the anticipated witnesses' testimony is substantially outweighed by the danger of unfair prejudice to the defendant and this anticipated testimony should be excluded pursuant to Fed. R. Evid. 403.

DEFENDANT,
RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Nancy A. Brouillet
Assistant Attorney General
Federal Bar No. ct03138
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail: Nancy.Brouillet@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing Motion in Limine was mailed on this 3rd day of March, 2005, first class postage prepaid to:

**Attorney Dawne Westbrook**
**P.O. Box 2502**
**Middletown, CT 06457**

_____
Nancy A. Brouillet, Assistant Attorney General

5