Cases

225 F.3d 661 (Table), 2000 WL 732926 (9th Cir.(Nev.))
**Unpublished Disposition**

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.
Lionel BRANDON, Plaintiff-Appellant,
v.
MARE-BEAR, INC., dba Stardust Hotel and Casino, Defendant-Appellee.
No. 99-15312.
D.C. No. CV-97-00264-PMP.
Argued and Submitted April 27, 2000.
Decided June 5, 2000.

Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.

Before B. FLETCHER, ALARCON, and HAWKINS, Circuit Judges.

MEMORANDUM [FN1]

FN1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

**\*1** Lionel Brandon appeals from the final judgment entered following a jury's verdict in favor of his employer, Stardust Hotel and Casino ("Stardust"). Brandon alleged race discrimination after Stardust passed him over for promotion. On appeal, Brandon contends that an agreement between Stardust and Teamsters Local 995 ("Teamsters Agreement") should not have been admitted into evidence and that he is therefore entitled to a new trial or, in the alternative, to an evidentiary hearing regarding whether a new trial is warranted. Because the parties are familiar with the facts, we will not recite them here. We affirm because we conclude that the district court did not plainly err in admitting the Teamsters Agreement.

I

Both parties here failed to comply with the letter and spirit of rules governing the conduct of litigation at the trial and appellate levels. The parties stipulated to a written discovery cut-off date of November 19, 1997. Despite this, Stardust brought the Teamsters Agreement to Brandon's attention for the first time in a document filed November 2, 1998, almost one year after the cut-off date. Stardust attached excerpts of the Teamsters Agreement to that document. Stardust did not provide the full text of the Teamsters Agreement to Brandon until November 16, 1998, the day trial began. Stardust's delay in disclosing the Teamsters Agreement cannot, however, excuse Brandon's own failure to present an adequate record for our review. Brandon neglected to provide this court with a transcript of the trial proceedings concerning the admission into evidence of the Teamsters Agreement. He argues that no transcript is necessary for this court to determine that the district court erred in admitting the Teamsters Agreement. The rules of this court say otherwise. Ninth Circuit Rule 30-1 sets forth the "required contents" of the appellant's excerpts of record. The rule provides, in pertinent

part, that

[i]n all appeals the excerpts of record *shall* include ...
where an issue on appeal is based upon a challenge to the admission or exclusion of evidence, that specific portion of the reporter's transcript recording any discussion by court or counsel involving the evidence, offer of proof, ruling or order, and objections at issue.

9th Cir. R. 30-1.3(a)(vii) (emphasis added). We have nothing before us that discloses whether Brandon objected when the Teamsters Agreement was introduced or whether a limiting instruction was requested.

In this case, however, a transcript would have been of little use: Brandon conceded at oral argument that he failed to object when the Teamsters Agreement was admitted into evidence at trial. The fact that Brandon filed a pretrial motion in limine does not excuse his failure to object at trial. The district court's denial of Brandon's pretrial motion in limine was rendered "without prejudice to renew the objection at the time the Teamsters Agreement is offered at trial." By its own terms, the district court's ruling was not the last word on the issue. Cf. Scott v. Ross, 140 F.3d 1275, 1285 (9th Cir.1998) ( "[W]here the substance of the objection has been thoroughly explored during the hearing on the motion in limine, and the trial court's ruling permitting introduction of evidence was explicit and definitive, no further action is required to preserve for appeal the issue of admissibility of that evidence.") (quotations omitted), *cert. denied sub nom.* Cult Awareness Network v. Scott, 526 U.S. 1033 (1999).

**\*\*2** Here, the district court's ruling on the motion in limine lacked the definitiveness necessary to relieve Brandon of the duty to object at trial. *See id.* (holding that the district court's ruling lacked definitiveness because the court explained that "although [counsel] was not precluded from calling [the expert witness], the district court would consider objections to specific testimony elicited"); Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir.1986) (holding that a ruling on a motion in limine was definitive where there was "no hint that the ruling might be subject to reconsideration"). We therefore review the admission of the Teamsters Agreement under the plain error standard. Scott, 140 F.3d at 1285; *see also* Fed.R.Evid. 103(d). Plain error is "error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." United States v. Turman, 122 F.3d 1167, 1170 (9th Cir.1997).

## II

Under the plain error standard, relief is not warranted unless there has been (1) error; (2) that is plain; and (3) that was highly prejudicial and affected substantial rights. *See* Jones v. United States, 527 U.S. 373, 389 (1999) (applying plain error standard to jury instructions in a criminal case); Beachy v. Boise Cascade Corp., 191 F.3d 1010, 1016 (9th Cir.1999) (applying plain error standard to admission of evidence in a civil case). Brandon's contention that he was prejudiced by the admission of the Teamsters Agreement because it confused the jury could, at best, satisfy only the third prong. Unless the admission of the Teamsters Agreement was also plainly erroneous, this would be insufficient as a matter of law to warrant relief. *See* Jones, 527 U.S. at 389 (stating that, to warrant relief on plain error review, there must have been actual error that was both plain and prejudicial).

Brandon first contends that the district court erred in admitting the Teamsters Agreement because Stardust failed to disclose it prior to the discovery cut-off date. In the June 17, 1998, pretrial order filed more than six months after the close of discovery, however, both parties reserved the right to file motions in limine. On October 16, 1998, Stardust filed a motion in limine seeking to exclude evidence of damages incurred after November 10, 1997, on the theory that those damages were unrecoverable because Brandon could have mitigated them by accepting a food warehouseman position that Stardust offered him.

In an October 26, 1998, opposition to that motion, Brandon contended that the food warehouseman position Stardust offered him was not substantially equivalent to the dry goods warehouseman position Stardust denied him. He argued that declining the food warehouseman position was therefore not a failure to mitigate. In the opposition,

Brandon asserted that "[t]he evidence of Defendant's job offer should be presented to the jury, so that they may decide if the position offered by Stardust was substantially the same as the job he applied for."

**\*3** Stardust first brought up the Teamsters Agreement in its November 2, 1998, reply to Brandon's opposition. Stardust attached as exhibits excerpts of the Teamsters Agreement relating to the terms of the two positions, facts that Brandon had put in issue in his opposition. We do not condone Stardust's failure to disclose the entire Teamsters Agreement until the day of trial when it had learned on October 26, 1998, that "evidence of Defendant's job offer should be presented to the jury." We nevertheless conclude that these circumstances provided a substantial justification for Stardust's disclosure of the entire Teamsters Agreement after the discovery cut-off date. See Fed.R.Civ.P. 37(c)(1) (providing that the exclusion sanction shall be imposed only where there is not a "substantial justification" for the late disclosure).

Brandon next contends that the Teamsters Agreement should not have been deemed relevant by the district court. He asserts the document was not properly authenticated. See Fed.R.Evid. 901 advisory committee's note (noting that authentication is a "special aspect of relevancy"). Brandon does not contend, however, that the Teamsters Agreement was not, in fact, genuine. Any error in admitting a document not properly authenticated is not prejudicial where there is "no real dispute as to the trustworthiness" of the document. Burgess v. Premier Corp., 727 F.2d 826, 836 (9th Cir.1984).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Here, the amount of damages was an issue before the jury. The record reveals that, at least initially, Stardust proffered the Teamsters Agreement in support of its position that Brandon failed to mitigate damages by declining the food warehouseman position. At a minimum, the Teamsters Agreement was probative of whether the food warehouseman position Stardust offered Brandon was substantially equivalent to the dry goods warehouseman position that Stardust denied him. The district court did not plainly err in concluding the Teamsters Agreement was relevant.

Relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. "A district court's decision to exclude or admit evidence under [Rule] 403 is reviewed with considerable deference." United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.2000) (quotations omitted). Assessing whether relevant evidence should be excluded under Rule 403 requires a comparison of the probative value of the evidence to the articulated reasons for exclusion. See id. at 1172. Rule 403 "permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." Id. (quoting Fed.R.Evid. 403).

**\*4** The only reason articulated in the record for excluding the Teamsters Agreement under Rule 403 appears in Brandon's motion in limine. There he argued that the Teamsters Agreement would be misleading to the extent that it suggests that dry goods warehousemen may be required to work weekends when the dry goods warehouse was, in fact, closed on weekends.

We conclude that the danger of confusion or undue prejudice was not so obvious for the district court's admission of the Teamsters Agreement to rise to the level of plain error. Because we conclude the admission of the Teamsters Agreement was not plain error, we further conclude that the district court did not abuse its discretion in denying Brandon's motion for a new trial and in doing so without first conducting an evidentiary hearing.

### III

Stardust asserts that Brandon's appeal is frivolous and vexatious and asks this court to award damages and costs to Stardust. Brandon makes no argument in opposition to this request. If we determine an appeal is frivolous, we have discretion to award the appellee "just damages and single or double costs." Fed. R.App. P. 38; see also 28 U.S.C. § 1912 ("Where a judgment is affirmed ..., the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."). We find,

however, that Stardust's disclosure of the Teamsters Agreement on the day of trial was inconsistent with one of the principal goals of the discovery rules: preventing trial by ambush and surprise. *See* Maurice Rosenberg, *Federal Rules of Civil Procedure in Action: Assessing Their Impact,* 137 U. Pa. L.Rev. 2197, 2197-98 (1989) (describing the themes and goals of the Federal Rules of Civil Procedure). We therefore decline to award damages or costs to Stardust.
AFFIRMED.
C.A.9 (Nev.),2000.
Brandon v. Mare-Bear, Inc.
225 F.3d 661 (Table), 2000 WL 732926 (9th Cir.(Nev.)), Unpublished Disposition

### Briefs and Other Related Documents (Back to top)

• 1999 WL 33623307 (Appellate Brief) Reply Brief of Appellant Lionel Brandon (Jul. 19, 1999)Original Image of this Document (PDF)
• 1999 WL 33623306 (Appellate Brief) Appellee's Opening Brief (Jun. 30, 1999)Original Image of this Document (PDF)
• 1999 WL 33623308 (Appellate Brief) Brief of Appellant Lionel Brandon (Jun. 02, 1999)Original Image of this Document (PDF)
• 99-15312 (Docket) (Mar. 02, 1999)
END OF DOCUMENT