12 Fed.Appx. 831, 2001 WL 629647 (10th Cir.(Okla.)), 2001 DJCAR 2871

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.
Glory McKinney DUNLAP aka Glory Dunlap, Plaintiff-Appellant,
v.
CITY OF OKLAHOMA CITY, a municipal corporation, Defendant-Appellee.
No. 99-6412.
June 7, 2001.

In an employment discrimination action, employee appealed from several pretrial, trial, and post-trial orders of an Oklahoma district court. The Court of Appeals, Crow, District Judge, held that: (1) no abuse of discretion was shown in the district court's decision not to permit witnesses to testify on ground that the nature of their proposed testimony had changed to such an extent that permitting them to testify would cause unfair surprise to employer, and (2) court did not abuse its discretion in excluding two exhibits not listed in the pretrial order.
Affirmed.

West Headnotes

[1] KeyCite Notes 

🔗170A Federal Civil Procedure
   🔗170AX Depositions and Discovery
      🔗170AX(A) In General
         🔗170Ak1278 k. Failure to Respond; Sanctions. Most Cited Cases

No abuse of discretion was shown in the district court's decision not to permit witnesses to testify at employment discrimination trial on ground that the nature of their proposed testimony had changed to such an extent that permitting them to testify would cause unfair surprise to employer; proposed testimony originally concerned employer's racial discrimination against people other than the employee, or a pattern of such, by the employer, and proffered testimony changed to reduction in force and its application to employee, and the employer did not have any opportunity to cure the surprise that such a change during trial would have produced.

[2] KeyCite Notes 

🔗170A Federal Civil Procedure
   🔗170AXIV Pre-Trial Conference
      🔗170Ak1938 Effect
         🔗170Ak1941 k. Admissibility of Evidence. Most Cited Cases

District court did not abuse its discretion in excluding two exhibits not listed in the pretrial order; plaintiff's counsel had them in his possession for approximately six weeks before trial but did not move to amend the pretrial order at any time prior to trial. Fed.Rules Civ.Proc.Rule 16(e), 28 U.S.C.A.

[3] KeyCite Notes 

☞157 Evidence
  ☞157IV Admissibility in General
    ☞157IV(D) Materiality
      ☞157k146 k. Tendency to Mislead or Confuse. Most Cited Cases

Balancing test requiring weighing the prejudicial effect of the evidence against its probative value is no different when a party is a municipality. Fed.Rules Evid.Rule 403, 28 U.S.C.A.

[4] KeyCite Notes

☞170B Federal Courts
  ☞170BVIII Courts of Appeals
    ☞170BVIII(I) Dismissal, Withdrawal or Abandonment
      ☞170Bk723 Want of Actual Controversy
        ☞170Bk724 k. Particular Cases. Most Cited Cases

Since plaintiff had already paid the filing fee, issue as to whether the district court abused its discretion in ruling that the plaintiff could not proceed in forma pauperis on appeal was moot.

*832 Before BRISCOE, MURPHY, Circuit Judges, and CROW, [FN*] District Judge.

FN* The Honorable Sam A. Crow, District Judge, United States District Court for the District of Kansas, sitting by designation.


ORDER AND JUDGMENT [FN**]

FN** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.


CROW, District Judge.
**1 The plaintiff, Ms. McKinney Dunlap, appeals from several of the district court's pretrial, trial, and post-trial orders. These consist of the summary judgment order limiting her claims against the defendant City of Oklahoma City to race discrimination in employment under 42 U.S.C. § 1981, the decision to exclude certain witnesses and exhibits from trial, and the finding that the plaintiff could not proceed in forma pauperis on this appeal. We affirm.

I.

The underlying facts of this case are largely uncontroverted. Plaintiff is an African-American who worked for the City of Oklahoma City, Oklahoma for approximately 17

years before she was selected *833 for a reduction in force ("RIF"). When she was terminated from the City's personnel department effective July 1, 1995, she brought suit, alleging six causes of action: employment discrimination based upon race pursuant to 42 U.S.C. § 1981 and Title VII; Title VII retaliation for filing an EEOC claim; 42 U.S.C. § 1983 equal protection claim; and pendent state claims for breach of express and implied contract. Plaintiff was thereafter recalled for employment with the City, returned to work for the City on July 12, 1996, and remained employed with the City at the time of oral argument.

The district court granted summary judgment to the City on all claims but plaintiff's § 1981 claim of intentional race discrimination in selecting her for the RIF, which claim was tried to a jury. In a motion in limine, the district court precluded the plaintiff from using witnesses Lurie Dixon and Sharon Wright Simmons at trial because their proposed testimony was irrelevant to the claims remaining. At trial, the court precluded the plaintiff from introducing two documents into evidence because they were not listed in the Final Pretrial Order, and plaintiff did not seek to add them until after trial had commenced. After trial, the district court denied plaintiff's application to appeal in forma pauperis based upon its findings that plaintiff had sufficient funds with which to pursue an appeal and that the appeal was not taken in good faith. These rulings give rise to plaintiff's appeal.

II.

*Did the district court abuse its discretion in excluding two witnesses proffered by the plaintiff?*

[1] Plaintiff objects to the exclusion of testimony of two City employees, Lurie Dixon and Sharon Wright-Simmons, both African-American women. The court first ruled in response to a motion in limine that the two witnesses would not be permitted to testify. At that point, the plaintiff stated that the two would testify only to the City's racial discrimination against people other than the plaintiff, or a pattern of such, by the City. The court found such testimony irrelevant to plaintiff's sole remaining claim of intentional race discrimination because that claim did not encompass a claim of racially hostile work environment or a pattern of intentional racial discrimination against other employees. The court further found that even if the testimony had some probative value, it was outweighed by the risk of confusion and prejudice under Fed.R.Evid. 403.
**2 On a motion for reconsideration of that ruling, the plaintiff stated, for the first time, that these two witnesses had direct knowledge of the reduction in force and its application to this plaintiff. The court then ruled that plaintiff's prior characterization of the witnesses' testimony was "markedly different" than the proffer, and that to permit them to testify on this subject matter which had not been pursued by the City in discovery would be prejudicial.

The court reaffirmed and incorporated the latter ruling at trial. The proffer stated that both witnesses had direct knowledge of the reduction in force which led to plaintiff's termination and would testify that an employee other than the plaintiff was initially targeted for termination in the RIF. Specifically, Lurie Dixon would have testified that she was the only revenue analyst in the City's budget department at the time of plaintiff's layoff, that a discussion occurred about Linda Griffin, an employee alleged to have less tenure with the City, replacing the plaintiff, and that another position, the Rebecca Allen position, was supposed to have been deleted instead of plaintiff's. Sharon Wright Simmons would have testified that she worked *834 in the personnel department at the relevant time period, that she found a piece of paper on the floor showing that Rebecca Allen's position was designated for deletion in the RIF, and that she read the document and gave it to her supervisor.

The proffered testimony of the two witnesses about the RIF and its application to the plaintiff may have had some probative value on the issue of the City's intent to discriminate against the plaintiff. However, the decision to exclude evidence under Rule 403 is within the sound discretion of the trial court, and will not be reversed by this

court absent a clear abuse of discretion. *Getter v. Wal-Mart Stores,* 66 F.3d 1119, 1124 (10th Cir.1995), *cert. denied,* 516 U.S. 1146, 116 S.Ct. 1017, 134 L.Ed.2d 97 (1996). Under this standard, this court will not disturb the district court's decision absent a "definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Boughton v. Cotter Corp.,* 65 F.3d 823, 832 (10th Cir.1995) (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553 (10th Cir.1991)). Rule 403 balancing is a task best left to the trial judge. *Agristor Leasing v. Meuli,* 865 F.2d 1150, 1152 (10th Cir.1988).

It appears from the record that the district court's primary reason for excluding the testimony of these two witnesses was not because of the prejudicial effect of such testimony under Rule 403, but because the nature of their proposed testimony had changed to such an extent that permitting them to testify would cause unfair surprise to the City. This court reviews a trial court's determination to exclude evidence due to unfair surprise for an abuse of discretion. *Moss v. Feldmeyer,* 979 F.2d 1454, 1458-59 (10th Cir.1992). One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise. See Fed.R.Civ.P. 26 and Advisory Comm. Notes; *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The imposition of sanctions for abuse of discovery under Federal Rule of Civil Procedure 37 is a matter within the discretion of the trial court. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Brennan v. Sine,* 495 F.2d 875, 877 (10th Cir.1974).

**\*3** No abuse of discretion has been shown in the district court's decision not to permit these witnesses to testify at trial. Changing one's testimony from the City's alleged pattern of racial discrimination against persons other than the plaintiff to specific incidents in the challenged RIF impacting the plaintiff is substantial. The court thus finds no reason to dispute the district court's conclusion that the proposed testimony had changed to such an extent that permitting the two witnesses to testify would constitute unfair surprise to the City. The record does not suggest that the City had any opportunity to cure the surprise that such a change during trial would produce. Accordingly, the district court's decision is affirmed.

*Did the district court abuse its discretion in excluding two exhibits not listed in the pretrial order?*

[2] Plaintiff next objects to the district court's exclusion of two exhibits, Exhibits 25 and 26, identified as notes written by witness Kayla Davis. Ms. Davis was the Personnel Operations Manager for the City during the RIF in question. These notes allegedly show problems encountered by the City in applying the RIF policy, and outline 21 RIF Procedures and Preparations which plaintiff alleges would have aided in clarifying the RIF. Although Ms. Davis testified at trial and was cross-examined by plaintiff's counsel, plaintiff's counsel made no reference to either of **\*835** these exhibits at that time, and did not offer them into evidence until the following day when Ms. Davis was no longer testifying.

Neither of these exhibits was listed in the pretrial order. Admittedly, plaintiff did not obtain these exhibits from the City until after the pretrial order was filed, but plaintiff made no motion to revise the pretrial order until in the midst of trial, which motion the court denied as untimely. In contrast, the district court granted the City's motion, filed just prior to trial, to add newly discovered documents to the pretrial order. The district court's granting of the City's motion demonstrates that had plaintiff's counsel similarly moved prior to trial to add the two exhibits to the pretrial order, the court would not have denied her motion as untimely.

Plaintiff contends that because the documents were no surprise to the City, who had provided them to the plaintiff, and because the documents were discovered at a date so close to trial, [FN1] the court's decision not to admit them as evidence constitutes an abuse of discretion.

FN1. Plaintiff admits having received the documents on August 26, 1999. (Plaintiff's brief, at p. 10). The trial did not begin until October 12, 1999. (City's brief, at p. 9).

The rule applicable to this issue is well established. A pretrial order controls the later course of a trial unless modified. See Fed.R.Civ.P. 16(e).

The decision to allow or prohibit testimony of witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. (Citations omitted.) The order entered following a final pretrial conference shall be modified only to prevent manifest injustice. Fed.R.Civ.P.Rule 16(e).

**\*4** Moss, 979 F.2d at 1458-59. Where a party fails to show any circumstances other than its own neglect to warrant relief from a pretrial order, no reason for reversal exists. Durant v. Independent School District No. 16 of LeFlore County, State of Oklahoma, 990 F.2d 560 (10th Cir.1993).

Here, it is uncontested that the exhibits were not listed in the pretrial order, and that the plaintiff's counsel had them in his possession for approximately six weeks before trial but did not move to amend the pretrial order at any time prior to trial. No reason for this inaction was stated at trial, or has been offered on appeal. Given the fact that the district court permitted the City, upon its timely motion, to add newly discovered documents to the pretrial order, it does not appear that a similar motion by the plaintiff would have been futile. Under these circumstances, the district court's decision to exclude the two exhibits fulfills the purposes for which a pretrial order is entered, and neither constitutes clear error nor approaches an abuse of discretion.

*Did the district court err in not tipping the scales against the City and in favor of the plaintiff when weighing the prejudicial effect of the evidence against its probative value?*

Plaintiff next asserts that when conducting the balancing test required by Fed.R.Evid. 403, the court should have given less weight to the prejudicial effect of the evidence because the only entity who would suffer such prejudice is a City, rather than an individual. Otherwise stated, the plaintiff believes that a municipality should be treated differently than a natural person in determining the prejudicial impact of the admission of evidence under Rule 403.

Plaintiff cites no authority for this proposition. Instead, plaintiff relies upon inherent **\*836** differences between a natural person and an artificial person, an analogy to financial hardships suffered by a City and those suffered by an individual, and the undisputed fact that the evidence excluded was not gruesome or otherwise likely to invoke passion, prejudice, or an emotional reaction.

Although research has revealed no case directly addressing this novel argument, this court has reviewed application of Rule 403 in cases involving municipalities without indicating that any different test or balancing criteria should apply when a party is not a natural person. See e.g., Stump v. Gates, 211 F.3d 527 (10th Cir.2000) (reversing trial court, finding evidence should have been excluded pursuant to Rule 403 of the Federal Rules of Evidence because its probative value was substantially outweighed by the danger of unfair prejudice to the City, and would mislead and confuse the jury).

[3] No reason has been shown to apply the 403 balancing test any differently when a party is a municipality. Municipalities have the right to a fair trial, as do individuals, and the rules of evidence are routinely applied even-handedly to both natural and artificial persons who appear in court.

*Did the district court properly grant summary judgment on plaintiff's claim of an equal protection violation?*

**\*5** The district court granted summary judgment to the City on five of plaintiff's six claims, leaving for trial solely her intentional race discrimination claim pursuant to 42 U.S.C. § 1981. On appeal, plaintiff challenges only the court's grant of summary judgment on her claim that the City violated the equal protection clause of the 14th

Amendment, brought pursuant to 42 U.S.C. § 1983. The Tenth Circuit reviews de novo the granting of a summary judgment, and in so doing, uses the same legal standards as used by the trial court pursuant to Fed.R.Civ.Pro. 56. *Williams v. Rice*, 983 F.2d 177 (10th Cir.1993).

Plaintiff fails to show this court any evidence or disputed fact which she believes should have precluded summary judgment on her § 1983 claim. Instead, plaintiff contends solely that the court's refusal to admit at trial the two witnesses and two exhibits addressed above constitutes an equal protection violation. Plaintiff alleges: "Equal protection requires at least that the State act sensibly and in good faith ... Here there was no other evidence to prove the facts of said excluded evidence ... Thus, Plaintiff/Appellant was restricted in proving her equal protection claim." (Plaintiff's brief at p. 22).

The court's exclusion of evidence from trial was made long after its decision on City's summary judgment motion, and was totally unrelated to its decision to grant the City judgment on plaintiff's § 1983 claim. The court's summary judgment on plaintiff's § 1983 claim was based upon the following findings: that plaintiff had the burden to prove that the municipality maintained a policy, practice, or custom which caused an equal protection violation; that the policy appearing in Personal Services Bulletin 95-1, which prescribes the basis for selection of employees to be laid off in a RIF as performance, and not seniority, was properly applied to the plaintiff; and that plaintiff offered no evidence to support her contention that the policy had been applied to her in an intentionally discriminatory manner.

Plaintiff contends on appeal that the excluded witnesses and exhibits would have provided sufficient evidence to support her contention that the policy was applied to her in an intentionally discriminatory manner, and that the district court's decision on summary judgment would thus have *837 been different had it considered such evidence. The fact remains, nonetheless, that the plaintiff did not submit the exhibits or witness testimony in its response to the City's summary judgment motion, and that the later exclusion of the two witnesses and two exhibits from evidence was not an abuse of discretion. Accordingly, no reason exists to reverse the district court's decision granting summary judgment on plaintiff's § 1983 claim.

*Did the district court abuse its discretion in finding that plaintiff could not proceed in forma pauperis on appeal?*

[4] The final issue raised by plaintiff is whether the district court abused its discretion in ruling that the plaintiff could not proceed in forma pauperis on appeal. Plaintiff alleges that she cannot pay for the costs of this appeal and still be able to provide herself and her three dependents with the necessities of life.

**6 The record reflects, however, that the plaintiff has already paid the filing fee, mooting the issue. But even if this court were to reach the merits of this issue, plaintiff would not prevail. The district court found, based upon plaintiff's affidavit, that she is employed with the City, earns a monthly salary of $2,634.01, owns a home and a car, and has sufficient funds with which to pay the $105.00 filing fee. Plaintiff does not dispute any of these facts, which provide ample support for the conclusion reached by the district court. No reason for reversal exists.

AFFIRMED.

C.A.10 (Okla.),2001.
Dunlap v. City of Oklahoma City
12 Fed.Appx. 831, 2001 WL 629647 (10th Cir.(Okla.)), 2001 DJCAR 2871

**Briefs and Other Related Documents (Back to top)**

• 99-6412 (Docket) (Nov. 18, 1999)
END OF DOCUMENT