427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, 21 Fed.R.Serv.2d 1027, 1976-1 Trade Cases P 60,941

Supreme Court of the United States
NATIONAL HOCKEY LEAGUE et al.
v.
METROPOLITAN HOCKEY CLUB, INC., et al.
No. 75-1558.
June 30, 1976.
Rehearing Denied Oct. 4, 1976.

See 429 U.S. 874, 97 S.Ct. 197.

Professional hockey club brought antitrust action against competing professional hockey league. The District Court, 63 F.R.D. 641, dismissed the action for the hockey club's failure to timely answer written interrogatories. The Court of Appeals for the Third Circuit, 531 F.2d 1188, reversed and the hockey league petitioned for writ of certiorari. The Supreme Court held that the record established that, under the circumstances, the district judge did not abuse his discretion in finding bad faith on the part of the hockey club for failing to timely answer the interrogatories and in concluding that the extreme sanction of dismissal was appropriate by reason of the hockey club's flagrant bad faith and its counsel's callous disregard of its responsibilities.

Petition granted and judgment of Court of Appeals reversed.

Mr. Justice Brennan and Mr. Justice White dissented.

West Headnotes

[1] KeyCite Notes 

265 Monopolies
   265II Trusts and Other Combinations in Restraint of Trade
      265k25 Discovery
         265k25(3) Written Interrogatories
            265k25(5) k. Answers; Failure to Answer. Most Cited Cases

In professional hockey club's antitrust action against competing professional hockey league, record established that, under the circumstances, district judge did not abuse his discretion in finding bad faith on part of hockey club for failing to timely answer interrogatories and in concluding that extreme sanction of dismissal was appropriate by reason of hockey club's flagrant bad faith and its counsel's callous disregard of its responsibilities. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A.

[2] KeyCite Notes

170B Federal Courts
   170BVII Supreme Court
      170BVII(B) Review of Decisions of Courts of Appeals
         170Bk460 Review on Certiorari
            170Bk460.1 k. In General. Most Cited Cases
            (Formerly 170Bk460, 106k383(7))

On review of district court dismissal of action for failure of plaintiffs to timely answer

interrogatories, question is not whether reviewing court would as original matter have dismissed action, but is whether district court abused its discretion in so doing. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A.

[3] KeyCite Notes

↘170A Federal Civil Procedure
  ↘170AX Depositions and Discovery
    ↘170AX(D) Written Interrogatories to Parties
      ↘170AX(D)3 Answers; Failure to Answer
        ↘170Ak1537 Failure to Answer; Sanctions
          ↘170Ak1537.1 k. In General. Most Cited Cases
            (Formerly 170Ak1537)

In determining whether action should be dismissed for failure of plaintiff to timely answer interrogatories, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to such conduct in absence of such deterrent. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A.

*639 **2779 PER CURIAM.
This case arises out of the dismissal, under Fed.Rule Civ.Proc. 37, of respondents' antitrust action against petitioners for failure to timely answer written interrogatories as ordered by the District Court, 63 F.R.D. 641. The Court of Appeals for the Third Circuit reversed the judgment of dismissal, finding that the District Court had abused its discretion, 531 F.2d 1188. The question presented is whether the Court of Appeals was correct in so concluding. Rule 37 provides in pertinent part as follows:
"If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding *640 or any part thereof, or rendering a judgment by default against the disobedient party."
This Court held in Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958), that Rule 37
"should not be construed to authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."
While there have been amendments to the Rule since the decision in Rogers, neither the parties, the District Court, nor the Court of Appeals suggested that the changes would affect the teachings of the quoted language from that decision.
The District Court, in its memorandum opinion directing that respondents' complaint be dismissed, summarized the factual history of the discovery proceeding in these words:
"After seventeen months where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs, the Court must and does conclude that the conduct **2780 of the plaintiffs demonstrates the callous disregard of responsibilities counsel owe to the Court and to their opponents. The practices of the plaintiffs exemplify flagrant bad faith when after being expressly directed to perform an act by a date certain, Viz., June 14, 1974, they failed to perform and compounded that

noncompliance by waiting until five days afterwards before they filed any motions. *641 Moreover, this action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sancons under Fed.R.Civ.P. 37. If the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanction should ever be applied." 63 F.R.D. 641, 656 (1974).

The Court of Appeals, in reversing the order of the District Court by a divided vote stated:

"After carefully reviewing the record, we conclude that there is insufficient evidence to support a finding that M-GB's failure to file supplemental answers by June 14, 1974 was in flagrant bad faith, willful or intentional." 531 F.2d 1188, 1195 (1976).

The Court of Appeals did not question any of the findings of historical fact which had been made by the District Court, but simply concluded that there was in the record evidence of "extenuating factors." The Court of Appeals emphasized that none of the parties had really pressed discovery until after a consent decree was entered between petitioners and all of the other original plaintiffs except the respondents approximately one year after the commencement of the litigation. It also noted that respondents' counsel took over the litigation, which previously had been managed by another attorney, after the entry of the consent decree, and that respondents' counsel encountered difficulties in obtaining some of the requested information. The Court of Appeals also referred to a colloquy during the oral argument on petitioners' motion to dismiss in which respondents' lead counsel assured the District Court that he would not knowingly and willfully disregard the final deadline.

[1] While the Court of Appeals stated that the District *642 Court was required to consider the full record in determing whether to dismiss for failure to comply with discovery orders, see Link v. Wabash R. Co., 370 U.S. 626, 633-634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962), we think that the comprehensive memorandum of the District Court supporting its order of dismissal indicates that the court did just that. That record shows that the District Court was extremely patient in its efforts to allow the respondents ample time to comply with its discovery orders. Not only did respondents fail to file their responses on time, but the responses which they ultimately did file were found by the District Court to be grossly inadequate.

[2] The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing. E. g., C. Wright & A. Miller, Federal Practice and Procedure: Civil s 2284, p. 765 (1970); General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211 (CA8 1973); Baker v. F & F Investment, 470 F.2d 778, 781 (CA2 1972). Certainly the findings contained in the memorandum opinion of the District Court quoted earlier in this opinion are fully supported by the record. We think that the lenity evidenced in the opinion of the Court of Appeals, while certainly a significant factor in considering the imposition of sanctions under Rule 37, cannot be allowed to wholly supplant other and equally necessary considerations embodied in that Rule.

There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected**2781 to such an order will feel duly chastened, so that even though he succeeds in having *643 the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.

[3] But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a

sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that These respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts. Under the circumstances of this case, we hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' "flagrant bad faith" and their counsel's "callous disregard" of their responsibilities. Therefore, the petition for a writ of certiorari is granted and the judgment of the Court of Appeals is reversed.
So ordered.

Mr. Justice BRENNAN and Mr. Justice WHITE dissent.

Mr. Justice STEVENS took no part in the consideration or decision of this case.
U.S.Pa.,1976.
National Hockey League v. Metropolitan Hockey Club, Inc.
427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, 21 Fed.R.Serv.2d 1027, 1976-1 Trade Cases P 60,941
END OF DOCUMENT

West Reporter Image (PDF)