UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLISON BISHOP, as executrix of the Estate of Thelma Bishop, Plaintiff, | : : : : | CIV. NO. 3:01CV1140(AVC) |
| v. | : : | |
| STATE OF CONNECTICUT – WHITING FORENSIC DIVISION OF THE CONNECTICUT VALLEY HOSPITAL, Defendant. | : : : : : : | MARCH 4, 2005 |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS\ MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

It is anticipated that the plaintiff, Ms. Allison Bishop will be called to testify in this case. She is listed as witness in the Joint Trial memorandum. Her anticipated testimony may likely include statements of Thelma Bishop, who is deceased. The defendant moves to exclude any statement by Thelma Bishop, offered by Allison Bishop to prove the matter asserted regarding *alleged acts of discrimination* as impermissible hearsay and for lack of foundation. Further, the defendant requests that the plaintiff be required to make an offer of proof outside the presence of the jury through a Rule 104 hearing so the court can consider the admissibility of such evidence.

Thelma Bishop was a former employee at the Whiting Forensic Division of Connecticut Valley Hospital. She alleges that she suffered a racially hostile work environment and disparate treatment under Title VII. The individual defendants have been dismissed from the case, leaving Connecticut Valley Hospital as the only remaining

defendant. In September 2002, Thelma Bishop died. At that time her deposition had only been partially completed.

In July 2003, Allison Bishop, Thelma Bishop's daughter, was substituted as the party plaintiff in the case. This occurred well after discovery had closed and only a month prior to the filing of summary judgment in August 2003.

Allison Bishop did not work at CVH and much of her anticipated testimony about what happened to her mother must be premised upon either statements by her mother or from the hearsay statements of others. Any attempt by Ms. Bishop to testify to conversations with her mother or others, if offered for the truth of the matter asserted as to alleged acts of discrimination, are inadmissible hearsay. Those statements could not be cross examined, which is the test for hearsay. The burden rests with the plaintiff to establish that any of the decedent's statements fall within an exception to the hearsay rule.

In the case of Mohankumar v. Dunn, 2 Fed. Appx. 918, 2001 U.S. App. Lexis 10403 (10th Cir 2001), the plaintiff brought an employment discrimination claim under Sections 1981, 1983 and Title VII. At trial, the plaintiff sought to offer the testimony of a deceased witness. The trial court excluded the testimony as hearsay because it was offered to prove the matter asserted. On appeal, the Tenth Circuit affirmed the trial court's methodology of treating the alleged witness statement like as any other testimony. Since the statement was offered for its truth and that did not fall within any of the permitted hearsay exceptions, it was properly excluded.

While in the present case the defendant is not certain exactly what facts Allison Bishop will testify to, it is crucial that the court set clear parameters before the evidence

2

begins that any statements by Thelma Bishop will not be permitted unless foundation is laid showing a recognized exception to the hearsay rule.[1] What the defendant wants to avoid is numerous objections at trial over statements that are not admissible.

### PORTIONS OF THELMA BISHOP'S DEPOSITION TESTIMONY ARE INADMISSIBLE.

As has already been pointed out, Thelma Bishop died in September 2002. Prior to her death on September 1, 2002, she was deposed. But her deposition was only partially completed when the day concluded and it was continued by agreement of counsel. Unfortunately Ms. Bishop died before her deposition was completed. Also, documents identified at the deposition were never produced as promised. Nevertheless, the defendants moves to exclude Thelma Bishop's deposition because it was not completed and counsel did not have the opportunity to fully question Thelma Bishop about facts she testified to in the first part of her deposition.

Alternatively, portions of Ms. Bishop's deposition are inadmissible on evidentiary grounds. The following is a list of the specific testimony and grounds for inadmissibility:

    p. 33:7-12, 15-7    This testimony is hearsay and irrelevant

    pp. 39:1-40:4    These testimony is irrelevant to a Title VII claim.

---

[1] The plaintiff may attempt to apply the Connecticut dead man's statute which operates as an exception to the state law hearsay rule. The Connecticut statute provides that "[i]n actions by … the representatives of deceased persons … memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence." Conn. Gen. Stat. §52-172.

A United States District Court held that the Connecticut Dead Man's Statute was "an exception to state hearsay rules" and had "no bearing on the admissibility of" a witness' statements in a case brought in federal court. McMunn v. Pirelli Tire, LLC., 161 F. Supp. 2d. 97, 127 (D. Conn. 2001). Since the Connecticut Dead Man's Statute is procedural in nature, it has no applicability in the instant case. See Park v. City of Chicago, 297 F.3d 606 (7th Cir. 2002)(court held that "a state evidentiary statute … may not displace the Federal Rules of Evidence and the guidelines they establish.") Id. at 612.

| | |
|---|---|
| pp. 46:6-49:4 | This testimony is irrelevant, speculation, lacks foundation and is premised on hearsay. |
| pp. 50:15-53:7 | This testimony lacks foundation, contains hearsay and is immaterial because it was never reported to defendant's management. |
| pp. 53:12-54:9 | This testimony about what her son told her is irrelevant and hearsay. |
| pp. 54:9-55:24 | This testimony about her workers compensation claim and the name of her attorney is irrelevant. |
| pp. 58:14-61:4 | This testimony about a sleeping employee is immaterial to this case and is premised upon hearsay. |
| pp. 61:5-62:22 | This testimony about what rumors others said about her is premised on hearsay within hearsay. |
| pp. 62:24-64:15 | Testimony about whether she reported employee misconduct is not relevant. |
| pp. 75:1-77:14 | This testimony is hearsay, lacks foundation and is irrelevant to the remaining claims. |
| pp. 126:12-129:5 | This testimony about the plaintiff hiring a lawyer and what her union representative said is irrelevant and hearsay. |

The defendant reserves its right to object to other portions, but have moved exclude the above portions so the court can consider the matter before trial. A copy of the excludable portions are attached as addendum "A."

        DEFENDANTS

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY:   _____
        Joseph A. Jordano  (ct 21487)
        Assistant Attorney General
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: 860-808-5340
        Fax: 860-808-5383
        email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 4TH day of MARCH, 2005, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Dawne Westbrook, Esq.
P.O. Box 2502
Middletown, CT  06457

        _____
        Joseph A. Jordano
        Assistant Attorney General