# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALLISON BISHOP** | : | CV: NO:3:01CV1140 (AVC) |
| As executor of the Estate | : | |
| Of Thelma Bishop, | : | |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| **STATE OF CONNECTICUT** | : | |
| **CT VALLEY WHITING** | : | |
| **HOSPITAL, ET AL..** | : | MARCH 24, 2005 |
| *Defendants*. | | |

## OBJECTION TO MOTION IN LIMINE OR IN THE ALTERNATIVE REQUEST TO AMEND PRETRIAL MEMORANDUM

The plaintiff in this matter, Allison Bishop, respectfully objects to the defendant's motion in limine to exclude witnesses at trial. Specifically, the defendant cites Fed. R. Evid. 403, but provides no evidence that the probative value of the testimony of the witnesses is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Instead the defendant argues that the State has not had an opportunity to depose the witnesses.

The plaintiff's supplemental witness list was disclosed to the defendant in October 2004. Each of the witnesses disclosed are or were under the employment of the defendant. As the defendant properly recognizes, the decedent was replaced as plaintiff in this matter by her daughter. This was done well after the discovery period was closed.

As such the plaintiff experienced great difficulty reconstructing her mother's employment environment. The late disclosure of the witnesses was not a part of any malice or intent to conceal information from the defendant. In fact, the defendant likely has greater access to the disclosed witnesses than the plaintiff. The testimony of the many witnesses may not have been necessary if the decedent were available to testify. The testimony of the witnesses is also relevant under Fed. Rules Evid. 401 and 402. Absent an objection stronger than the one made by defendant under Fed. R Evid. 403, the plaintiff prays that the Court allow the late disclosure of the additional witnesses.

      The defendant also objects to various portions of the deposition testimony of Thelma Bishop. Under the Federal Rules of Evidence, deposition testimony may be offered in lieu of live testimony if the declarant is unavailable. Fed. R. Evid. 804. Here, Thelma Bishop, the initial plaintiff in this matter is deceased. Specifically, the defendant objects to p. 33:7-12 and 15-7 – portions of this testimony are relevant. The deponent's testimony that she complained to the State's Attorney is both relevant and not hearsay. Pp. 39:1-40:4 is relevant in that the plaintiff alleges that the individual was a witness to her discriminatory treatment. Pp. 46:6-49 the testimony is relevant as the deponent is describing a situation where she was treated with hostility. Pp. 50:15-53:7 the deponent is describing the basis for her claim of a hostile and dangerous work environment. Even if the plaintiff did not notify management, this does not mean management was not notified or aware. Pp. 54:9-55:24 the deponent's testimony was not just about her worker's compensation claim, the testimony dealt with the plaintiff's hostile work environment and her accusation that she had been physically harmed by an agent of

2

defendant.  Pp. 58:14-61:4 is relevant as the deponent was describing additional incidents that make up her claim.  Pp. 61:5-62:22 is relevant because it is the foundation of plaintiff's belief that the defendant wanted to "get rid of her".  Pp. 62: 24-64:15 is relevant because the plaintiff is naming other instances where employees were accused of misconduct and the defendant's reaction.  Pp. 75:1-77:14 is completely relevant as the deponent is describing the hostile work environment. The testimony may be admissible as a statement against a party-opponent.  Pp. 126:12-129:5 the deponent is testifying to the continued harassment she experienced at the hands of the defendant.

THE PLAINTIFF

                            BY_____
                                DAWNE WESTBROOK
                                Federal Bar No. ct21987
                                PO BOX 2502
                                Middletown, CT 06457
                                860 344 9716
                                FAX:  860 346 102
                                justice@dawnewestbrooklaw.com

## **CERTIFICATION**

This is to certify that on the above date a copy of the foregoing was mailed postage paid to the following:

Joseph Jordano
Assistant Attorneys General
55 Elm St., P.O. Box 120
Hartford, CT 06141

_____
DAWNE WESTBROOK