UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALISON BISHOP, EXEC OF<br>ESTATE OF THELMA BISHOP<br>　*Plaintiff,* | :  CIVIL NO. 3:01CV1140(AVC)<br>:<br>: |
| V. | :<br>: |
| STATE OF CONNECTICUT, WHITING<br>FORENSIC DIVISION OF CONNECTICUT<br>VALLEY HOSPITAL<br>　*Defendant.* | :<br>:<br>:<br>:  APRIL 8, 2005 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST
TO AMEND THE PRETRIAL ORDER**

The defendant objects at this late juncture to the plaintiff's request to amend the joint trial memo to include a yet unidentified number of new witnesses. In October of last year, during the court ordered settlement conference, plaintiff's counsel handed to defense counsel an email from Allison Bishop listing 31 people. (See Attachment A attached). Despite counsel's oral objection before the para-judicial officer, no immediate motion to amend the pretrial was filed. Now five months later, plaintiff's counsel request leave to increase the plaintiff's witness list with no indication of which witnesses will be called and what their anticipated testimony will be as required for in the joint trial memorandum. The plaintiff's motion makes no showing of good cause why the witnesses could not be included in the pretrial order.

　More disturbing is the prejudice to the defendant since it has been given no opportunity to conduct discovery regarding any of the 31 witnesses listed on the email. The fact that some of the witnesses were or are employed by the state is immaterial to the issue of unfair surprise. Plaintiff's counsel is correct that the email given to defense counsel was well AFTER discovery had closed in the above case.

The defendant will be unfairly prejudiced by permitting the plaintiff to amend the pretrial with no showing at this juncture as to the anticipated testimony by whatever number of additional witnesses are called at trial. At this juncture, the trial is already set for three days in June 2005. Allowing the plaintiff to call additional witnesses will extend the trial.

Defendant reminds the court that the plaintiff, Thelma Bishop, had counsel throughout this case. Discovery lasted over TWO YEARS, more than sufficient time for the plaintiff to provide relevant information to her attorney before her untimely death in 2003. None of the witnesses listed on the email were included in the summary judgment submission by the plaintiff. Only now, on the eve of trial, Allison Bishop wants to "reconstruct" her mother's employment, however vague that description may be. THE DEFENDANT HAS BEEN PERMITTED NO DISCOVERY OR INFORMATION ABOUT THE WITNESSES THAT WOULD BE ADDED TO THE PRE-TRIAL.

The defendant asks the court to deny the motion to amend the pretrial at this late juncture. The objection to the defendant's motion in limine regarding the plaintiff's deposition testimony must be determined after a careful application of the rules of evidence to the testimony.

                                                                  3

DEFENDANT

CT. VALLEY HOSPITAL,
WHITING FORENSIC

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-mail:
Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to §5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing Defendant's Objection to Plaintiff's Request to Amend Pretrial Order was sent via first class mail, postage prepaid, this 8th day of April, 2005, to:

Dawne Westbrook, Esq.
P.O. Box 2502
Middletown, CT 06457

_____
Joseph A. Jordano
Assistant Attorney General