**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ALLISON BISHOP, as executrix    :
of the Estate of Thelma         :
Bishop,                         :
 Plaintiff,                     :
                                :
v.                              :  Civil No. 3:01CV1140(AVC)
                                :
STATE OF CONNECTICUT - WHITING  :
FORENSIC DIVISION OF THE        :
CONNECTICUT VALLEY              :
HOSPITAL, ET AL,                :
 Defendants.                    :

**ORDER ON THE DEFENDANTS' MOTION IN LIMINE AND THE PLAINTIFF'S**
**MOTION TO AMEND THE JOINT TRIAL MEMORANDUM**

This is an action for damages and injunctive relief arising out of the defendants' alleged unlawful employment discrimination against Thelma Bishop on the basis of her race, ethnicity and national origin.  It is brought by Allison Bishop, the executrix of the estate of Thelma Bishop, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Connecticut Constitution, and common law tenets concerning intentional infliction of emotional distress. The defendants have filed the within motion in limine (document no.57) to prohibit "the plaintiff from offering witnesses that . . . have not been disclosed in the joint trial memorandum of May 28, 2004."  The plaintiff objects to the motion in limine and has filed the within motion (document no.65) for leave to amend the joint trial memorandum to add additional witnesses.

For the reasons set forth below, the defendants' motion in limine (document no.57) is DENIED.  The plaintiff's motion to amend the joint trial memorandum (document no.65) is GRANTED.

**FACTS**

On June 19, 2001, Thelma Bishop filed this action.  On November 8, 2001, the court issued a scheduling order which stated, inter alia, "all discovery, including depositions of all witnesses, shall be completed by June 30, 2002."  On June 18, 2002, the court granted the defendant's first unopposed motion to extend the discovery deadline to September 30, 2002.

In September, 2002, however, Thelma Bishop died.  On October 7, 2002, the court granted the defendant's second unopposed motion to extend the discovery deadline.  On December 31, 2002, discovery closed.

On March 11, 2003, a probate court appointed Allison Bishop as the executor of Thelma Bishop's estate.  On July 8, 2003, the court granted the plaintiff's motion to substitute Allison Bishop as the plaintiff in this action in her capacity as executor of Thelma Bishop's estate.

On March 31, 2004, the court granted the individual defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and denied the defendants' motion for summary judgment as to the plaintiff's employment discrimination and hostile work environment causes of action brought pursuant to Title VII.

2

On April 28, 2004, the court issued a pretrial order (document no.42) instructing the parties to submit a joint trial memorandum "by no later than May 28, 2004."  Specifically, the court ordered that the joint trial memorandum contain, inter alia, "the names and addresses of each witness to be called at trial."  Furthermore, the pretrial order informed the parties that "[w]itnesses not included in this list - except those used for rebuttal or impeachment - shall not be permitted to testify at trial, except for good cause shown."

On May 28, 2004, the parties filed their joint trial memorandum (document no.44).  The plaintiff listed two trial witnesses: (1) Thelma Bishop through videotaped deposition, and (2) and Allison Bishop.  The plaintiff also "reserve[d] the right to call any of the defendant's witnesses".

On October 12, 2004, the parties attended a settlement conference.  It is undisputed that at the settlement conference, the plaintiff's attorney presented the defendants' attorney with an email from Allison Bishop dated October 11, 2004.  The email listed the names of thirty-one previously undisclosed potential witnesses.

On October 13, 2004, the plaintiff filed a motion requesting a continuance of the trial date.  The defendant did not object. On October 19, 2004, the court granted the motion and set trial to commence on March 10, 2005.

3

On March 3, 2005, five months after the settlement conference, the plaintiff informed the court that Allison Bishop had been diagnosed with breast cancer and requested a continuance of the trial date.  The defendant did not object.  On March 10, 2005, the court granted the continuance and scheduled jury selection for August, 2005.

On March 3, 2005, the defendants filed the within motion in limine to prohibit the plaintiff from "offering witnesses that . . . have not been disclosed in the joint trial memorandum of May 28, 2004."  On March 24, 2005, the plaintiffs responded to the motion in limine and requested leave to amend the pretrial memorandum.

## DISCUSSION

The court's April 28, 2004 pretrial order informed the parties that the joint trial memorandum must contain, inter alia, "the names and addresses of each witness to be called at trial." Furthermore, the order stated that "[w]itnesses not included in this list – except those used for rebuttal or impeachment - shall not be permitted to testify at trial, except for *good cause* shown"(emphasis added).  See also Fed. R. Civ. P. 16(b) (stating, in part: "A schedule shall not be modified except upon a showing of *good cause* and by leave of the district judge . . ."(emphasis added)).

4

Accordingly, the issue presented is whether good cause exists to allow the plaintiff to call witnesses, whom she did not list in the pretrial memorandum, to testify at trial.[1]

The court recognizes that this is a close case. Thelma Bishop had two years to conduct discovery prior to her death and to develop a list of witnesses to support her case. On the other hand, the court acknowledges the hardships inherent in Allison Bishop's struggle to prosecute the case after the death of Thelma Bishop. Thelma Bishop's death deprived the plaintiff of the opportunity to have Thelma Bishop testify directly at trial. The additional witnesses may be necessary to provide information to the jury that Thelma Bishop can no longer provide herself.

To avoid prejudice to the defendants and at the same time give the plaintiff access to the additional witnesses, the court will allow the plaintiff to amend the joint trial memorandum and reopen discovery. The defendants will therefore have an opportunity to depose any additional witness that the plaintiff intends to call at trial and to conduct any further discovery deemed necessary by the court.

---

[1] The defendants argue that the court should preclude the additional witnesses from testifying at trial pursuant to Fed. R. Evid. 403. Rule 403 states, in part, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ." The court has no knowledge of the substance of the testimony that the potential witnesses might provide. Given this lack of knowledge, the court cannot determine, at this time, whether the probative value of the testimony of the additional witnesses is substantially outweighed by the danger of unfair prejudice to the defendants.

**CONCLUSION**

The defendants' motion in limine (document no.57) is DENIED.
The plaintiff's motion to amend the joint trial memorandum
(document no.65) is GRANTED.

The plaintiff shall have to and including August 24, 2005 to
file an addendum to the joint trial memorandum listing the
additional witnesses the plaintiff intends call at trial.  The
parties shall have to and including September 30, 2005 to depose
the plaintiff's additional witnesses.

To the extent that the defendants may wish, at this
juncture, to call rebuttal witnesses or engage in additional
discovery, they may file a motion to do so on or before October
10, 2005.

Jury selection shall take place on December 1, 2005.

It is so ordered, this 10th day of August, 2005, at
Hartford, Connecticut.

```
_____/s/_____
Alfred V. Covello
United States District Judge
```