UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALISON BISHOP, EXEC OF<br>ESTATE OF THELMA BISHOP<br>*Plaintiff,*<br><br>V.<br><br>STATE OF CONNECTICUT, WHITING<br>FORENSIC DIVISION OF CONNECTICUT<br>VALLEY HOSPITAL<br>*Defendant.* | : CIVIL NO. 3:01CV1140(AVC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: AUGUST 18, 2005 |

### PLAINTIFF'S AMENDED TRIAL MEMORANDUM

All references to the plaintiff refer to the decedent Thelma Bishop.  Pursuant to the Court's Order, the plaintiff submits the following amendment to the Joint Trial Memorandum:

**PLAINTIFF'S WITNESSES:**

1. Opal Bowele, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

2. Althea Clarke, Connecticut Valley Hospital. Character witness who may testify about the plaintiff's reputation as a good worker.

3. Del Davis, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

4. Carlton Parkinson, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

5. Romana Edwards Achoki, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

6. Dorothy Olojuola, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

7. Jeff Matos, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

8. Al Davis, employee at Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

9. Chester Andrews, Whiting, witnessed harassment the plaintiff experienced over the years and may also testify to similar harassment he experienced.

10. Joan Dobson, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

11. Gwen Douglas, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

12. Courtney Reid, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

13. Tara Vaught, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

14. Susanne Furay, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

15. Joanne Grabek, Whiting witnessed harassment experienced by the plaintiff.

16. Chris Zawachi, Whiting, may testify to plaintiff's work ethic and to the

harassment plaintiff experienced.

17. Marilyn Griffith, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

18. Jerilyn Lambi Pagone, Whiting, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

19. Ricky Vereen, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

20. Anne Cooper, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

21. Laurie Arata, may testify to plaintiff's work ethic and to the harassment plaintiff experienced.

22. Carol Caplan, supervised the plaintiff, may testify about complaints filed by the plaintiff and regarding disciplining the plaintiff.

23. Pamela Morrison-Wolf, Chief of Human Resources, may testify regarding the complaints filed by the plaintiff; investigation of said complaints; policies and procedures regarding discrimination.

24. David Lewis, CVH employee, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.

25. Mary Talbot, CVH employee, may testify regarding the plaintiff's allegation that Ms. Talbot attacked her.

26. Debbie Rooth, CVH employee, may testify regarding allegations she made derogatory racial comments to the plaintiff; the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.
27. L. Ann Traub, CVH employee, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.
28. Jenni Walsh, CVH employee, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.
29. David Pavis, CVH employee, may testify to discipline he received when accused of a violation similar to the plaintiff.
30. Frederick Ferris, Director of Labor Relations, may testify regarding grievances filed by the plaintiff.
31. Louise Chambers, CVH employee, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.
32. John Etienne, Affirmative Action Officer, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.
33. Carol Villarowell, CVH employee, may testify regarding the complaints

filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.

34. Donna Dupis, CVH employee, may testify regarding the complaints filed by the plaintiff; any investigations conducted as a result of her complaints; and policies and procedures of defendant.

35. Dr. Cattrell, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

36. Dr. Kahramzida, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

37. Dr. Foster, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

38. Dr. Scott, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

39. Dr. Cassidy, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

40. Marsha Pellezzo, CVH employee who worked with the plaintiff and may testify regarding working with the plaintiff.

41. Catherine Statchen, CVH employee, may testify about the plaintiff's allegations that she verbally assaulted the plaintiff.

THE PLAINTIFF

BY_____
DAWNE WESTBROOK
Federal Bar No. ct21987
PO BOX 2502
Middletown, CT 06457
860 344 9716
FAX:  860 346 102
justice@dawnewestbrooklaw.com

## **CERTIFICATION**

This is to certify that on the above date a copy of the foregoing was mailed postage paid to the following:

Joseph Jordano
Assistant Attorneys General
55 Elm St., P.O. Box 120
Hartford, CT 06141

                                        _____
                                        DAWNE WESTBROOK