UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLISON BISHOP, as executrix | : | CIV. NO. 3:01CV1140(AVC) |
| of the Estate of Thelma Bishop, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT – WHITING | : | |
| FORENSIC DIVISION OF THE | : | |
| CONNECTICUT VALLEY | : | |
| HOSPITAL, | : | |
| *Defendant*. | : | January 3, 2006 |

## DEFENDANT'S RENEWED MEMORANDUM IN SUPPORT OF ITS\ MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE

Defendant renews its request that the Court issue an order to exclude certain

evidence. Specifically, the defendant requests that the court exclude the following:

(1)     evidence of alleged incidents dating back to 1996, which were presented

to the CHRO in 1997 and never pursued by the plaintiff, therefore now are

time barred;

(2)     evidence of an alleged assault against the plaintiff by a co-worker in 1998

that was not timely filed with the CHRO/EEOC until 2000, well past the

300 day filing period under the holding in  National Railroad Passenger

Corp. v. Abner Morgan, 536 U.S. 122 (2002).

(3)     testimony by the plaintiff's daughter Allison Bishop to hearsay comments

made by her mother; and

(4)     portions of the deposition of Thelma Bishop.

It is critical to this case that the court carefully scrutinize the plaintiff's deposition

and exclude those portions that have no bearing on the remaining issues. Specifically, the

defendant objects to the plaintiff's testimony about incidents that are time barred because they were raised before the CHRO/EEOC years prior and were decided against the plaintiff. Also, the plaintiff offered many gratuitous and unsubstantiated remarks in her deposition that are immaterial to this case and will only serve to confuse and mislead the jury.  Additionally, the defendant renews its motion prohibiting the testimony of Allison Bishop to hearsay statements by her mother.

### TIME BARRED INCIDENTS CANNOT FORM THE BASIS OF THE PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM.

One of the remaining claims in this case is the plaintiff's assertion that she was subjected to a racially hostile work environment. Defendant will not detail all of the element the plaintiff must prove for such a claim except to remind the court that the test requires an environment that is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive as to alter the conditions of the victim's employment.  Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993).  In contrast, discrete acts prompt a separate and distinct reporting period.  National Railroad Passenger Corp. v. Abner Morgan, 536 U.S. 122 (2002).

On June 11, 2002 the plaintiff was deposed.[1]  During her deposition the plaintiff described several incidents of alleged harassment by co-workers that occurred in 1996 (head nurse counseled her about wearing inappropriate jewelry to work and one female staff member allegedly began making comments about how sexy she (the staff worker) was while in the plaintiff's presence.  The other incidents of an alleged assault occurred 1998 according to Bishop's testimony.

---

[1]  On this date the plaintiff's deposition was started. It was continued to another date, but the plaintiff, unfortunately, died the day before her deposition could be completed.

Regarding the 1996 incidents, the plaintiff filed a CHRO/EEOC complaint in 1997, CHRO # 9730041. The matter was dismissed following merit assessment with a no reasonable cause finding on October 30, 1996. The plaintiff filed for reconsideration but her request was denied on January 31, 1997. The plaintiff did not did not file suit within the statutory period provided by Title VII.[2] (See 42 U.S.C. § 2000e(f)(3)).

In 2001, the plaintiff filed a CHRO/EEOC complaint to allege that she had been discriminated against, CHRO case # 0130104.[3] Included in that complaint is a reference to her allegedly being assaulted by a co-worker in 1998. By 2001, the discrete act of an co-worker assault was long time barred. As the Supreme Court noted in the National Railroad Passenger Corp. case, only acts that fall within the 180 filing period are actionable under Title VII. National Railroad Passenger Corp. v. Abner Morgan, 536 U.S. 101, 122 S. Ct. 2061, 2073 (2002).

Accordingly, any attempt to premise her claim of disparate treatment or a racially hostile work environment upon acts that occurred prior to 180 days before the filing of the operative CHRO/EEOC charge are time barred. No liability may be premised upon these acts. The plaintiff must offer evidence of discriminatory acts that fall within 180 days of her complaint of discrimination. Therefore, the court should exclude evidence of acts dating back almost 10 years because such evidence will only confuse and mislead the jury.

---

[2] It is unknown if the plaintiff ever requested a "right to sue letter" from the EEOC as to this complaint.

[3] This CHRO/EEOC charge forms the basis of the plaintiff's current action pending before the court.

**ALLISON BISHOP HAS NO RELEVANT EVDIENCE TO OFFER**

It is anticipated that the substitute plaintiff, Ms. Allison Bishop  will be called to

testify in this case. She is listed as witness in the Joint Trial memorandum.  Her

anticipated testimony may likely include statements of  Thelma Bishop, who is deceased.

The defendant moves to exclude any statement by Thelma Bishop, offered by Allison

Bishop to prove the matter asserted regarding *alleged acts of discrimination* as

impermissible hearsay and for lack of foundation.  Further, the defendant requests that

the plaintiff be required to make an offer of proof outside the presence of the jury through

a Rule 104 hearing so the court can consider the admissibility of such evidence.

Thelma Bishop was a former employee at the Whiting Forensic Division of

Connecticut Valley Hospital. She alleges that she suffered a racially hostile work

environment and disparate treatment under Title VII.  The individual defendants have

been dismissed from the case, leaving Connecticut Valley Hospital as the only remaining

defendant.  In September 2002, Thelma Bishop died. At that time her deposition had only

been partially completed.

 In July 2003, Allison Bishop, Thelma Bishop's daughter, was substituted as the

party plaintiff in the case. This occurred well after discovery had closed and only a month

prior to the filing of summary judgment in August 2003.

Allison Bishop did not work at CVH and much of her anticipated testimony about

what happened to her mother must be premised upon either statements by her mother or

from the hearsay statements of others.  Any attempt by Ms. Bishop to testify to

conversations with her mother or others, if offered for the truth of the matter asserted as

to alleged acts of discrimination, are inadmissible hearsay.  Those statements can not be cross examined, which is the test for hearsay. The burden rests with the plaintiff to establish that any of the decedent's statements fall within an exception to the hearsay rule.

In the case of  Mohankumar v. Dunn, 2 Fed. Appx. 918, 2001 U.S. App. Lexis 10403 (10th Cir 2001), the plaintiff brought an employment discrimination claim under Sections 1981, 1983 and Title VII.  At trial, the plaintiff sought to offer the testimony of a deceased witness. The trial court excluded the testimony as hearsay because it was offered to prove the matter asserted.  On appeal, the Tenth Circuit affirmed the trial court's methodology of treating the alleged witness statement like as any other testimony. Since the statement was offered for its truth and that did not fall within any of the permitted hearsay exceptions, it was properly excluded.

While in the present case the defendant is not certain exactly what facts Allison Bishop will testify to, it is crucial that the court set clear parameters before the evidence begins that any statements by Thelma Bishop will not be permitted unless foundation is laid showing a recognized exception to the hearsay rule.[4]  What the defendant wants to avoid is numerous objections at trial over statements that are not admissible.

---

[4]      The plaintiff may attempt to apply the Connecticut dead man's statute which operates as an exception to the state law hearsay rule.  The Connecticut statute provides that "[i]n actions by … the representatives of deceased persons … memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence." Conn. Gen. Stat. §52-172.

A United States District Court held that the Connecticut Dead Man's Statute was "an exception to state hearsay rules" and had "no bearing on the admissibility of" a witness' statements in a case brought in federal court.  McMunn v. Pirelli Tire, LLC., 161 F. Supp. 2d. 97, 127 (D. Conn. 2001).  Since the Connecticut Dead Man's Statute is procedural in nature, it has no applicability in the instant case. See Park v. City of Chicago, 297 F.3d 606 (7th Cir. 2002)(court held that "a state evidentiary statute … may not displace the Federal Rules of Evidence and the guidelines they establish.") Id. at 612.

## PORTIONS OF THELMA BISHOP'S DEPOSITION
## TESTIMONY ARE INADMISSIBLE.

As has already been pointed out, Thelma Bishop died in September 2002. Prior to her death on September 1, 2002, she was deposed. But her deposition was only partially completed when the day concluded and it was continued by agreement of counsel. Unfortunately, Ms. Bishop died before her deposition was completed. Also, documents identified at the deposition were never produced as promised. Nevertheless, the defendant moves to exclude Thelma Bishop's deposition because it was not completed and counsel did not have the opportunity to fully question Thelma Bishop about facts she testified to in the first part of her deposition.

Alternatively, portions of Ms. Bishop's deposition are inadmissible on evidentiary grounds. The following is a list of the specific testimony and grounds for inadmissibility:

p. 33:7-12, 15-7        This testimony is hearsay and irrelevant. Regarding incident with FTS Fairbrother in 1998, the Plaintiff testified the police told her she could not bring charges because no one else saw the incident and that the police told the Plaintiff that Pamela Morrison told them not to investigate because she had investigated already.

pp. 28:9-40:15        Incident of an alleged assault happened in 1998 is irrelevant to the pleadings and is barred as untimely filed (not within 300 days), CHRO complaint # 0130104.

pp. 46:20-49:4        These testimony is irrelevant to a Title VII claim.

6

Plaintiff's testimony of verbal abuse by Miss Talbot in 1996 regarding
Bishop wearing jewelry at work has been litigated in a prior CHRO
complaint, # 9730041.

pp. 50:15-53:7, 56:3-6  This testimony lacks foundation, contains hearsay
and is immaterial because it was never reported to defendant's
management. Further, the incident is <u>not</u> race based and was litigated
through CHRO complaint, # 9730041, which is time barred.

pp. 53:12-54:9        This testimony about what her son told her is
irrelevant and hearsay. Regarding the Plaintiff's phone conversation with
her son in which she says he told her to leave her job at the hospital
because it was a hostile environment although he had never worked there
and lived in Washington

pp. 54:9-55:24        This testimony about her workers compensation
claim and the name of her attorney is irrelevant.

pp. 58:14-61:4        This testimony about a sleeping employee is
immaterial to this case, not race based and plaintiff denies reporting
employee,  and is premised upon hearsay.

pp. 61:5-62:22        This testimony about what rumors others said about
 her is premised on hearsay within hearsay.

pp. 62:24-64:15        Testimony about whether she reported employee
 misconduct is not relevant.

pp. 75:1-77:14        This testimony is hearsay, lacks foundation and is
irrelevant to the remaining claims. Regarding the Plaintiff's testimony that

she was told by Mr. Distasio and Mr. Andrews that Miss Chambers was

looking to get rid of her and that her attorney went to see Miss Morrison

and was told that her bad reviews were a result of giving a patient the

wrong medication

pp. 126:12-129:5    This testimony about the plaintiff hiring a lawyer

and what her union representative said is irrelevant and hearsay.

The defendant reserves its right to object to other portions, but have moved to

exclude the above portions so the court can consider the matter before trial.


DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:    _____
       Joseph A. Jordano
       Assistant Attorney General
       Federal Bar # ct 21487
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 3rd day of January, 2006, a true and accurate copy of the foregoing was sent by United States mail, first class postage prepaid, to the following:

Dawne Westbrook, Esq.
P.O. Box 2502
Middletown, CT  06457


_____
Joseph A. Jordano
Assistant Attorney General